**Cora Hubbard WILLIAMS, Appellant,**

v.

**Cora Williams MURDOCH and Common-
wealth Bank and Trust Company,
a Corporation.**

**No. 15130.**

United States Court of Appeals
Third Circuit.

Argued May 17, 1965.

Submitted May 27, 1965.

Decided Sept. 20, 1965.

Paul Ginsburg, Pittsburgh, Pa., for
appellant.

John Stewart, Raspin, Espenshade,
Heins, Erskine & Stewart, Philadelphia,

Pa. (Robert W. Duggan, Grier, Duggan, Hampsey & Ludwig, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, GANEY, Circuit Judge, and NEALON, District Judge.

BIGGS, Chief Judge.

This suit has been before us on a prior occasion and its nature is fully described in our earlier opinion, Williams v. Murdoch, 3 Cir., 330 F.2d 745 (1964). It is an action brought by Mrs. Cora Hubbard Williams against her daughter, Mrs. Cora Williams Murdoch and Commonwealth Bank and Trust Company, co-guardians for Mrs. Williams. In a proceeding brought in the Orphans' Court of Allegheny County under the Pennsylvania Incompetents' Estates Act of 1951, 50 P.S. § 631 et seq., Mrs. Williams was declared incompetent and her daughter and the trust company were appointed co-guardians for her as stated. In the suit at bar Mrs. Williams asserted in substance that she was deprived of property and individual liberties without due process of law in the Pennsylvania Orphans' Court proceeding. Prior to the earlier appeal the court below held in substance that the issues presented were res judicata and dismissed the complaint. We concluded that the defense of res judicata was not applicable and reversed and remanded the case for appropriate action in the light of our opinion.

Upon remand Mrs. Williams moved for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.Proc., 28 U.S.C. The court below sua sponte then entered an order as follows: "And now, this 11th day of May, 1964, the above entitled action is hereby remanded to the Orphans' Court of Allegheny County for proceedings in accordance with the opinion of the Third Circuit Court of Appeals, a copy of which is attached hereto, together with the mandate issued pursuant thereto." Mrs. Williams then moved under Rule 62, "Stay of Proceedings to Enforce a Judgment", in effect to correct the order of the court below last quoted alleging in substance that it was not in accordance with the opinion and mandate of this court and that the court below was without authority to "remand" the case to the Orphans' Court of Allegheny County. The defendants moved for leave to file an answer to protect the record pursuant to Rule 6(b), alleging there was an incorrect exhibit attached to their prior answer. The court below then entered another order as follows: "And now, this 14th day of September, 1964, after argument and upon due consideration of plaintiff's motion for judgment on the pleadings and for summary judgment, and defendant's motion for leave to file an answer to protect the record, this court, applying the doctrine of federal abstention, persists in its order of May 11, 1964, remanding the parties in the above case to the Orphans' Court of Allegheny County for further proceedings made pursuant to the mandate of the United States Court of Appeals for the Third Circuit dated April 20, 1964, and the said motions of the plaintiff are denied, and defendant's motion for leave to file an answer to protect the record is granted." Mrs. Williams thereupon appealed again to this court.

We cannot but conclude that the two orders which we have quoted are at best ambiguous. It is not clear whether the court below was attempting to apply the doctrine of abstention or to remand the case to the state court, or to do both. In this connection we point out that the court below failed to retain jurisdiction of the case pending possible action by the state court. We note also that it does not appear from the record why the doctrine of abstention is applicable to the case at bar and the court below has not elucidated its position by an opinion or by any other means which would give us a clue to the basis for its action.

In exercising the doctrine of abstention in cases in which the original jurisdiction of the federal courts has been invoked, the United States district courts may remit the parties to the state courts for appropriate action by those tribunals, but the United States district courts are without power to order the

state courts to conduct further proceedings. Neither this court nor the court below has the power to issue mandates either directly or indirectly to state courts in an action such as that at bar. Despite these ambiguities, the defendants insist that we must treat the orders of the court below as an exercise of abstention. This we cannot do, but comment on the arguments made by the defendants in an attempt to justify their assertion that the application of the doctrine of abstention is appropriate.[1]

■■■ As one justification for treating the quoted orders as an exercise by the court below of the doctrine of abstention, the defendants contend that this case "presents to the Federal Court a series of objections regarding initially their jurisdiction *ab initio.* \* \* \*"[2] The short answer to this is that the exercise of the abstention power assumes a case properly within the jurisdiction of a United States district court. Such a court first must have jurisdiction since the abstention doctrine necessarily involves the discretion to postpone or to decline the exercise of jurisdiction by the United States district court. Harman v. Forssenius, 380 U.S. 528, 534, 85 S.Ct. 1177, 1182, 14 L.Ed.2d 50 (1965). Abstention may be proper "Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law \* \* \*." Ibid. But the question of whether the United States district court has jurisdiction in the first instance turns solely upon federal law which is not dependent on state law and which cannot be altered by it.

The defendants also assert that the exercise of the doctrine of abstention may avoid the necessity of the court below reaching any issue as to the constitutionality of the Pennsylvania statutes here involved. However, as we stated in our prior opinion: "But it must be pointed out also that nowhere in the complaint filed in the court below does Mrs. Williams attack the constitutionality of any of the provisions of the Pennsylvania Incompetents' Estates Act of 1951." 330 F.2d at 748.

Nor does it appear that any question of state law is uncertain. The Pennsylvania Supreme Court in In re Estate of Hicks, 414 Pa. 131, 199 A.2d 283 (1964), has held that personal service is required under the Pennsylvania Act. The defendants' argument that Hicks is not controlling because it was decided under the Incompetents' Estates Act of 1955 while the case at bar is controlled by the Incompetents' Estates Act of 1951 appears to be lacking in merit. An examination of 50 P.S. § 1681 (Act of 1951) with 50 P.S. § 3301 (Act of 1955) reveals no substantial change of language and, what is more important, no change at all in the provisions dealing with notice. In addition an examination of the authorities cited by the Supreme Court of Pennsylvania in Hicks reveals that no new legal doctrine was laid down in that case, it being well-settled Pennsylvania law that personal service is required.

■■ It may be, however, that the doctrine of abstention is applicable to the case at bar, and it may well be also that upon an adequate showing the court below may decide properly to exercise that discretion. Nonetheless, "[T]he line drawn should be bright and clear, so that litigants shunted from federal to state courts by application of the abstention doctrine will not be exposed, not only to unusual expense and delay, but also to procedural traps operating to deprive them of their right to a District Court determination of their federal claims." England v. Louisiana State Board of

---

1. It should be made clear that the grounds advanced are those of the defendants and are not necessarily the grounds on which the court below proceeded. As we have stated we are not informed as to the latter.

2. See appellees' brief, p. 5.

Medical Examiners, 375 U.S. 411, 418, 84 S.Ct. 461, 466, 11 L.Ed.2d 440 (1964).[3]

In view of the ambiguities, patent and latent, in the case at bar growing out of the orders of the court above quoted, and from the record itself, we are constrained to remand the case again to the end that the court below may reconsider whether the doctrine of abstention is applicable, consistent with the guidelines laid down by the Supreme Court in its recent decision in Harman v. Forssenius, supra. Accordingly, the orders of the court below will be vacated and the cause remanded to it for the purposes indicated.

3. Citing at note 9, Cf. Wright, The Abstention Doctrine Reconsidered, 37 Tex.L.Rev. 815, 825 (1959).