Commonwealth ex rel. Singer, Appellant, *v.*
Myers.

Submitted September 13, 1965. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and
HOFFMAN, JJ.

*John W. Singer,* appellant, in propria persona.

*James E. O'Brien,* Assistant District Attorney, and
*Joseph J. Cimino,* District Attorney, for appellee.

OPINION PER CURIAM, October 27, 1965:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant has filed a petition for writ of habeas
corpus in which he raises the question of the voluntari-
ness of a written confession under *Jackson v. Denno,*
378 U.S. 368 (1964).

Appellant was tried by a jury in 1962, and convicted
of rape. During the trial, a written confession, signed
by him, was admitted into evidence. Appellant's de-
fense counsel objected on the ground that, "It is not
sworn to. It's an ex parte statement induced by the
police from the defendant. . . ."

Appellant testified at trial that he was badly
"beaten up" shortly before his arrest, and that when he

consented to the confession, he was physically exhausted from lack of sleep and unable to hear because of a bruised ear. He further stated that the police ". . . started and tore up two or three different statements because what I said didn't agree to the way they wanted it put on paper. So, again, they started typing it up, and I seen—I figured out then that they was going to get it their way, the way they wanted it, if they had to keep me there for a week." Finally, he testified that he ". . . went along with whatever they said as long as it was even half-way right."

The lower court refused to allow a hearing, since it believed that the voluntariness of the confession was neither controverted nor at issue in the trial. It is clear to me that the objection of counsel and the testimony of appellant himself sufficiently raised this issue.

It is true that the defense attorney did not raise the question of voluntariness in precise language. However, "While only a general objection to the admission of the statements was noted of record, the circumstances under which the statements were made render the question of voluntariness one of prime importance." *Commonwealth ex rel. Linde v. Maroney,* 416 Pa. 331, 337, 206 A. 2d 288, 291 (1965).

I would reverse the order of the court below and remand the record for an evidentiary hearing in conformity with the standards announced in *Jackson v. Denno,* supra.

MONTGOMERY, J., joins in this dissenting opinion.