UNITED STATES of America ex rel.
John W. SINGER

v.

David N. MYERS, Superintendent.

Misc. No. 3242.

United States District Court
E. D. Pennsylvania.

Oct. 27, 1966.

Aaron D. Blumberg, Philadelphia, Pa., for relator.

Joseph J. Cimino, Dist. Atty., by James E. O'Brien, First Asst. Dist. Atty., Scranton, Pa., for respondent.

## OPINION

JOSEPH S. LORD, III, District Judge.

On November 30, 1962 relator was convicted in Lackawanna County of rape and was sentenced to six to twelve years in prison. He has sought habeas corpus unsuccessfully in the state courts. Commonwealth ex rel. Singer v. Myers, 206 Pa.Super. 559, 213 A.2d 685 (1965). Relator contends here, as he did in the state courts, that an involuntary confession was improperly admitted at his trial. We held a plenary hearing. From our hearing and from the state record we find the following facts:

John Ward Singer, relator, is 39 years old. He left school before finishing the ninth grade. On October 19, 1962 relator awoke at 9:00 a. m. He had no dinner that day, but did have three or four shots

of whiskey and two or three glasses of beer. Later in the evening, he and two acquaintances (his two co-defendants) picked up Joan Meka, the woman he was convicted of raping. At the site of the alleged rape, a fight ensued, during which Singer was beaten and clubbed into unconsciousness by the co-defendants. Regaining consciousness, Singer walked down the mountain where the fight had occurred and then, having walked about a mile after reaching the highway, he finally was able to "thumb a lift" to a friend's home where he washed. By then it was between 12:00 midnight and 1:00 a. m. of Saturday morning, October 20, 1962. Relator went home and fell asleep about 2:30 a. m. only to be awakened by a roomful of state troopers at about 4:30 a. m.

Singer was interrogated from 4:30 a. m. During the interrogation Singer was tired, his face looked like a beefsteak, bruised and red, well battered. He could not hear out of his left ear as a result of the clubbing. His request to be taken to a doctor was refused with the assurance that he could see a doctor when he went to the county jail. The police kept questioning Singer until 12:00 or 1:00 p. m. on October 20, 1962. By that time Singer had been subjected to an extensive period of interrogation in the early morning which was followed by a trip to the mountain to point out various locations, breakfast and another period of questioning. At 1:00 p. m. the police started to prepare a statement. Several of the statements were discarded until Singer finally signed at about 2:00 p. m. October 20, 1962, nine and one-half hours after interrogation began and twenty-nine hours since he had had a full night's sleep.

After being picked up at his house, the first time Singer had contact with anyone other than police officers and Joan Meka was 3:00 p. m. October 20, 1962 when he was finally taken to the Justice of the Peace.

Singer testified at the hearing:

"Well, I—like I say, I wore out. I was—I knew I had no other help.

"I knew they would keep questioning me until they got it the way they wanted it anyhow. They wouldn't let me call a lawyer or nothing." (N.T. 17)

I.

The trial transcript reveals that when the statement was sought to be used, relator's counsel objected:

"MR. VOSBURG: If the court please, we object to the admission of this in evidence. It is not sworn to. It's an ex parte statement induced by the police from the defendant-Singer, and it is objected to for that reason."

■ The Court of Common Pleas of Lackawanna County concluded that "the voluntariness of the confession was neither controverted nor at issue in the trial" and therefore denied relator a hearing. This denial was affirmed by the Superior Court per Curiam, with two judges dissenting. However, the failure to comply with state procedural requirements does not necessarily preclude federal review of federally guaranteed rights. Since we are here called upon to implement a federal right, "the question of when and how defaults in compliance with state procedural rules can preclude our consideration of a federal question is itself a federal question." Henry v. State of Mississippi, 379 U.S. 443, 447, 85 S.Ct. 564, 567, 13 L.Ed.2d 408 (1965). And a state procedural default will not alone preclude consideration of the claim, "at least unless it is shown that the petitioner deliberately bypassed the orderly procedure of the state courts," ibid., page 452, 85 S.Ct. page 570. In Brookhart v. Janis, 384 U.S. 1, at page 4, 86 S.Ct. 1245, at page 1247, 16 L.Ed.2d 314 (1966), Mr. Justice Black said:

"The question of a waiver of a federally guaranteed constitutional right is, of course, a federal question controlled by federal law. There is a presumption against the waiver of constitutional rights, see, e. g., Glasser v. United States, 315 U.S. 60, 70–71, 62 S.Ct. 457, [464–465,] 86 L.Ed. 680, 699, and for a waiver to be effective it

must be clearly established that there was 'an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461."

▉ Tested by these federal standards, the trial record falls far short of establishing such an intentional bypassing of state procedure as to amount to a waiver of the right to federal review. Cf. Henry v. State of Mississippi, supra, n. 3 We are not required, nor would it be seemly for us, to question whether counsel's objection that the statement "was induced by the police" was sufficient under state rules to raise the question of voluntariness. Suffice it to say here that relator has not waived federal inspection of his federal rights.

## II.

Tested against federal standards, we have concluded that the relator's confession was involuntary. In Townsend v. Sain, 372 U.S. 293, at page 307, 83 S.Ct. 745, at page 754, 9 L.Ed.2d 770 (1963) the Court said:

"* * * If an individual's 'will was overborne' or if his confession was not 'the product of a rational intellect and a free will,' his confession is inadmissible because coerced. These standards are applicable whether a confession is the product of physical intimidation or psychological pressure * *."

Relator here had been without a full night's sleep for over twenty-nine hours. Cf. United States ex rel. Cuevas v. Rundle, 258 F.Supp. 647, at 651 (E.D.Pa. 1966). He had been subjected to a brutal beating which rendered him unconscious and unable to hear in one ear. His request for a doctor had been refused. It does not matter that the police were not responsible for his condition; if the questioning by the police *"in fact produces a confession which is not the product of a free intellect,"* Townsend v. Sain, supra, 372 U.S. page 308, 83 S.Ct. page 754, the confession is inadmissible. Fol-

lowing on the heels of the beating and a lack of sleep, relator was denied the services of a doctor. He was questioned for over nine hours without recourse to friends or relatives. "A prolonged interrogation of an accused who is ignorant of his rights and who has been cut off from the moral support of friends and relatives is not infrequently an effective technique of terror." Blackburn v. State of Alabama, 361 U.S. 199, 206, 80 S.Ct. 274, 279, 4 L.Ed.2d 242 (1960). Finally, although relator had requested counsel, the request was denied and the interrogation proceeded with relator uncounselled. In Davis v. State of North Carolina, 384 U. S. 737, at pages 740–741, 86 S.Ct. 1761, at page 1764, 16 L.Ed.2d 895 (1966), the Court said:

"The review of voluntariness in cases in which the trial was held prior to our decisions in Escobedo [Escobedo v. State of Ill., 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977] and Miranda [Miranda v. State of Ariz., 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694] is not limited in any manner by these decisions. On the contrary, the fact that a defendant was not advised of his right to remain silent or of his right respecting counsel at the outset of interrogation, as is now required by Miranda, is a significant factor in considering the voluntariness of statements later made. This factor has been recognized in several of our prior decisions dealing with standards of voluntariness. * * *"

See also Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Commonwealth of Pennsylvania ex rel. Storch v. Maroney, 363 F.2d 149 (C.A. 3, 1966).

▉ The totality of circumstances [1] here convinces us that Singer's statement was involuntary and that the conviction "following the admission into evidence of [a confession] which [is] involuntary * * * cannot stand." Rogers v. Richmond, 365 U.S. 534, 540, 81 S.Ct. 735, 739, 5 L.Ed.2d 760 (1961).

---

1. Cf. United States ex rel. Cuevas v. Rundle, supra.

### III.

The Commonwealth argues that if we should conclude that the objection at trial effectively raised the issue of voluntariness, the case should be returned to the state courts for an evidentiary hearing on this issue. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). In *Jackson,* the trial court, following previously accepted [2] New York procedure, left to the jury the voluntariness and truthfulness of the confession. The Supreme Court overruled Stein and held that procedure unconstitutional. The Court said, 378 U.S. at page 393, 84 S.Ct. at page 1789:

> "However, we think that the further proceedings to which Jackson is entitled should occur initially in the state courts rather than in the federal habeas corpus court. Jackson's trial did not comport with constitutional standards and he is entitled to a determination of the voluntariness of his confession in the state courts in accordance with valid state procedures; the State is also entitled to make this determination before this Court considers the case on direct review or a petition for habeas corpus is filed in a Federal District Court. * * *"

Here, however, the Commonwealth has had an opportunity to grant precisely the hearing required in *Jackson.* For its own procedural reasons, which it deemed adequate, Pennsylvania has refused to grant such a hearing.[3] This is not a case where, as in *Jackson,* a previously approved state practice was held unconstitutional and the state was given the opportunity first to hold the evidentiary hearing required by the newly established procedure. Rather, it is a case where the state courts held that no hearing was required, not because Jackson v. Denno, supra, was not followed, but because state procedural rules were not followed. It would, it seems to us, be a gratuitous, unfounded and presumptuous intrusion into a domain peculiarly committed to state courts for us to direct them to disregard a state procedure which they deem both sound and salutary. In Henry v. State of Mississippi, 379 U.S. 443, at page 452, 85 S.Ct. 564, at page 570 (1965), the Court said:

> "Of course, in so remanding we neither hold nor even remotely imply that the State must forgo insistence on its procedural requirements if it finds no waiver. Such a finding would only mean that petitioner could have a federal court apply settled principles to test the effectiveness of the procedural default to foreclose consideration of his constitutional claim. If it finds the procedural default ineffective, the federal court will itself decide the merits of his federal claim, at least so long as the state court does not wish to do so. * * *"

■ Pennsylvania has here unequivocally indicated its wish not to review the the merits of the federal claim here asserted. To require it now to forego that wish is within neither our desire nor our power.

The writ will be granted.

We express our sincere gratitude to Aaron D. Blumberg, Esquire, who, without compensation, served as counsel for the relator with diligence, dedication and extraordinary legal craftsmanship.

2. Stein v. People of State of New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522 (1953).

3. See Judge Hoffman's dissent from the per Curiam affirmance in Commonwealth ex rel. Singer v. Myers, 206 Pa.Super. 559, 560, 213 A.2d 685, 686 (1965): "I would reverse the order of the court below and remand the record for an evidentiary hearing in conformity with the standards announced in Jackson v. Denno, supra."