**UNITED STATES of America ex rel. Edwin W. GOCKLEY, Appellant,**

v.

**David N. MYERS, Superintendent, State Correctional Institution, Graterford, Pennsylvania.**

**No. 15169.**

United States Court of Appeals Third Circuit.

Argued Dec. 19, 1966.

Decided May 15, 1967.

H. Robert Fiebach, Philadelphia, Pa., for appellant.

Ralph J. Alhouse, Asst. Dist. Atty., Reading, Pa., for appellee.

Before KALODNER, HASTIE and SEITZ, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

This appeal by a state prisoner from a denial, without plenary hearing, of his petition for habeas corpus presents two principal contentions; that the government's case included evidence obtained by unreasonable search and seizure and that coerced incriminating statements were introduced as evidence against him. The charge was murder and the petitioner was convicted of murder in the second degree and sentenced to imprisonment for not less than ten and not more than twenty years.

At appellant's trial the prosecution introduced certain items discovered and seized during a search of appellant's residence accomplished without any authorizing warrant. It appears, and the district court found, that after appellant's arrest and during his detention, detectives told him that they believed his premises contained certain evidence and that they were going to get a search warrant in order to look for it. The appellant responded: "That will not be necessary. You can search for anything you want to as long as you put everything back in place where it was". He then handed a detective the keys to his house. The productive search followed.

The appellant correctly asserts that a waiver of constitutional right must be "an intentional relinquishment or abandonment of a known right or privilege", Johnson v. Zerbst, 1938, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, and that consent to an otherwise unprivileged search must be intelligent and voluntary. United States v. Blalock, E.D.Pa.1966, 255 F.Supp. 268. He then argues that his consent was not voluntary because he was in custody and anticipated a taking of his keys which he was in no position to resist. However, there is nothing in the record to indicate that the officers intended to do anything except what they proposed, namely, to seek and obtain a search warrant in regular course. At most, the question of

the voluntariness of consent in these circumstances was a question of fact to be decided by the trier of fact. Maxwell v. Stephens, 8th Cir., 1965, 348 F.2d 325, cert. denied, 382 U.S. 944, 86 S.Ct. 387. The trial judge found voluntary and effective consent to the search and that finding is adequately supported by the evidence. We conclude that the search and seizure point is without merit.

The issue concerning incriminating admissions is more substantial. In his petition for habeas corpus, prepared without the assistance of counsel, the appellant characterizes his statements made to the police during detention as "involuntary and unsigned" and asserts that their introduction "denied due process of law". He states further that he asked for counsel and was denied such assistance until he should make the statements demanded by the police; that he was "pressed" and thus "gave a false statement".

In addition, the proceedings in the state courts indicate that the accused was arrested on November 17 and detained by the police and subjected to intermittent interrogation through December 9. Two statements, partially incriminating, partially exculpatory and in some particulars contradictory, were obtained from him during this period. Apparently no preliminary hearing of any kind interrupted this long detention. The accused was held incommunicado. Certainly, he did not obtain counsel until December 12, although there is dispute as to whether he asked for counsel. The defendant testified that he made the statements because the questioning officers took the position that he could not have a lawyer until he answered their questions.

However, we also observe that despite the obvious opportunity to object to the admission of the statements made by the prisoner to the police as involuntary, the defense made no objection to the detailed first and principal statement. Indeed, before admitting it into evidence and after testimony concerning the attendant circumstances the court inquired specif- ically whether the defense interposed any objection and defense counsel answered, "No objection". The second statement was admitted over an objection, but that objection went only to the use of contradictory statements by the accused as evidence of consciousness of guilt.

Thereafter, upon appeal, many other matters were assigned as error, but no contention was made that the statements were involuntary or that their admission was a denial of due process of law.

 In dismissing the present petition for habeas corpus without permitting additional evidence to be presented, the district court made no mention of any question whether the admission of the defendant's statements in evidence at his trial was a denial of constitutional right. However, we think the allegations of the petition sufficed to raise that issue. The court was obligated to decide its merits unless there had been an effective waiver of whatever constitutional claim the defendant might have made. Accordingly, we consider the question of waiver.

 In Fay v. Noia, 1963, 372 U.S. 391, 438–439, 83 S.Ct. 822, 849, 9 L.Ed. 2d 837, the Supreme Court dealt authoritatively with this problem. Recognizing that habeas corpus is "governed by equitable principles", among them "the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks" the Court ruled "that the federal habeas [corpus] judge may in his discretion deny relief to an applicant who has deliberately bypassed the orderly procedure of the state courts and in so doing has forfeited his state court remedies". The Court added that relief may be denied only if a "habeas [corpus] applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures * * *." It also was pointed out that waiver of constitutional right

is a federal question upon which a federal court must make an independent decision. And, if the more recent Brookhart v. Janis, 1966, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 shows that in some cases counsel cannot effectively waive his client's rights it does not appear on this record that counsel acted contrary to the wishes of the accused, or even unwisely.[1]

We have pointed out that the trial court explicitly inquired whether the defense objected to the admission of the defendant's principal statement in evidence and counsel replied, "No objection".[2] There may have been a sound strategic reason for this course. The statement, though incriminating, also contained matter calculated to support a claim of self defense or at least to negate malice aforethought. Indeed, if this was the strategy of the defense, it was successful. For a trial which might well have resulted in a first degree verdict and a capital sentence eventuated in a second degree verdict and a ten to twenty year sentence.

 We have mentioned the failure of the court below in dismissing the appellant's petition, to allude to the issue of the admissibility of the appellant's statements as raised by his petition, much less to decide whether there was an effective waiver of any right to have this evidence excluded. We think the issue of waiver must be decided, after opportunity is afforded to the parties to supplement the record on this question if they so desire. And if the court finds no waiver of constitutional right to challenge the admission of the petitioner's statements it will then be necessary to consider and decide whether due process of law was denied by the use of this evidence against the accused.

The judgment will be vacated and the cause remanded for further proceedings consistent with this opinion.

KALODNER, Circuit Judge (dissenting).

On the facts as set out in the majority opinion it seems clear to me that the petitioner has waived any constitutional objection to the admission of his statements as a matter of law. I see no way that the petitioner can escape the effect of the explicit statement of his counsel, twice given in response to inquiries by the trial court, that he had no objection to the admission of the statement.

For this reason I would affirm the judgment of the District Court.

---

1. The vitality of the doctrine that a constitutional right may be forfeited by conscious and knowing waiver of the right to object to the introduction of evidence at trial is further demonstrated by Henry v. State of Mississippi, 1965, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408.

2. The present record contains no claim that the appellant was inadequately represented at trial.