**UNITED STATES** of America ex rel.
**Edwin GOCKLEY, Appellant,**

v.

**David N. MYERS, Superintendent, State
Correctional Institution, Graterford,
Pennsylvania.**

**No. 17156.**

United States Court of Appeals
Third Circuit.

Reargued March 21, 1969.

Decided April 30, 1969.

H. Robert Fiebach, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for appellant.

Arthur Ed. Saylor, First Asst. Dist. Atty., County of Berks, Reading, Pa. (Robert L. VanHoove, Dist. Atty., Reading, Pa., on the brief), for appellee.

Before BIGGS, FREEDMAN, and VAN DUSEN, Circuit Judges.

Reargued March 21, 1969.

Before HASTIE, Chief Judge, and BIGGS, KALODNER, FREEDMAN, SEITZ, VAN DUSEN, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge:

This unusual habeas corpus case is before the court en banc on reargument of a second appeal. The question is whether the District Court on remand after the first appeal was correct in refusing to decide the merits of petitioner's claim that his confessions were involuntary because it should be determined by the State courts.

In the earlier appeal we held that the District Court had correctly decided that petitioner's consent had rendered admissible the items of evidence seized on a warrantless search. We went on to hold, however, that the petition had adequately raised another issue which the District Court had not passed on, i. e., whether the admission of petitioner's confessions amounted to a denial of his constitutional rights. We therefore declared that the District Court "was obligated to decide [the merits of this question] * * * unless there had been an effective waiver of whatever constitutional claim the defendant might have made."[1] Accordingly, we vacated the judgment and remand-

ed the case for further proceedings consistent with our opinion, with this language of remand:

"We think the issue of waiver must be decided, after opportunity is afforded to the parties to supplement the record on this question, if they so desire. And if the court finds no waiver of constitutional right to challenge the admission of the petitioner's statements it will then be necessary to consider and decide whether due process of law was denied by the use of this evidence against the accused."[2]

On remand the District Court held a full hearing and took testimony on both the question of waiver and the substantive issue of the voluntariness of the confessions. The Commonwealth presented no evidence on either issue, although, of course, it had the opportunity to do so. The District Court found that petitioner had not waived the right to challenge the admission of the confessions. It then went on to hold, however, largely because of our decision in United States ex rel. Singer v. Myers, 384 F.2d 279 (3 Cir. 1967), which was handed down after the hearing and filing of briefs, that the voluntariness of petitioner's confessions should be decided by the State courts. United States ex rel. Gockley v. Myers, 276 F.Supp. 748 (E.D.Pa.1967).[3] From this decision on remand petitioner has taken the present appeal. It thus becomes necessary to review the history of the case in both the State and Federal courts.

Petitioner was convicted of murder in the second degree in the Court of Oyer and Terminer at Berks County, Pennsylvania, on September 27, 1961. While his motions for new trial and arrest of judgment were pending in the State trial court, he applied for a writ of habeas corpus to the United States District Court

---

1. United States ex rel. Gockley v. Myers, 378 F.2d 398, 400 (3 Cir. 1967).

2. Ibid. at 401.

3. Literally, the District Court denied the petition for habeas corpus and then declared that "Gockley is remanded to the State courts to litigate the issue of vol-

untariness through the procedures provided by the Pennsylvania Post Conviction Hearing Act. * * *" The order has vitality only as a denial of the petition for habeas corpus and its statement of "remand" to the State courts may be treated as surplusage.

for the Eastern District of Pennsylvania.[4] The District Court denied his petition for failure to exhaust his State remedies. Thereafter the State trial court denied the motions for new trial and arrest of judgment, and on April 17, 1963, the Supreme Court of Pennsylvania affirmed his conviction. Com. v. Gockley, 411 Pa. 437, 192 A.2d 693 (1963).

On August 7, 1964, almost five years ago, the present petition for habeas corpus was filed in the District Court. This pro se petition was denied by the District Court on October 12, 1964.[5] At the same time the District Court denied petitioner's requests for the appointment of counsel but shortly thereafter granted a certificate of probable cause for appeal. On petitioner's application we appointed counsel for him on February 19, 1965. For almost a year and a half counsel did nothing on petitioner's behalf, and we therefore vacated his appointment on August 3, 1966 and appointed his present counsel, who has ably and energetically represented him.

The language of our mandate on the first appeal may well be deemed to have required the District Court to decide the substantive question of the voluntariness of the confessions if it decided that the issue had not been waived. Even if the mandate contained any ambiguity, this would certainly have been its reasonable construction, for waiver was merely the threshold question to the issue of voluntariness, and there would have been no reason to require the District Court to decide the preliminary question of waiver if even in the event of success, petitioner was nevertheless to be remitted to seek relief in the State court. The District Court, however, evidently believed that our intervening decision in *Singer* compelled it to refrain from deciding the substantive question of voluntariness, even after it had decided the preliminary question of waiver in petitioner's favor. Our *Singer* decision, however, was reversed by the Supreme Court, Singer v. Myers, 392 U.S. 647, 88 S.Ct. 2307, 20 L.Ed.2d 1358 (1968), in a per curiam opinion whose brevity has given rise to speculations on its meaning.

Petitioner urges that the question of the voluntariness of the confessions actually was considered on his appeal from his conviction to the Supreme Court of Pennsylvania, and that under Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), there was therefore no need to seek post-conviction relief in the State courts. The discussion to which we are referred[6] is not sufficient, however, to justify such an interpretation. Indeed it would have been futile for petitioner to have raised the question on his direct appeal to the State Supreme Court for the jury had already resolved against him the factual question of the voluntariness of the confessions, and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), requiring a preliminary decision on voluntariness by the judge, lay in the future. Nor need we accept petitioner's claim that the Commonwealth's brief after the remand in the District Court conceded the involuntary nature of the confessions and his right to a new trial in the event there was a finding of no waiver.[7]

4. United States ex rel. Gockley v. Myers, Misc. No. 2450.

5. United States ex rel. Gockley v. Myers, E.D.Pa.Misc. No. 2790.

6. 411 Pa. at 452, 192 A.2d at 701.

7. The brief contains the following statement which has been cited to us and which we consider as part of the record under Rule 10(e) of Federal Rules of Appellate Procedure: "Finally, the Commonwealth notes that in the brief prepared by Relator there are many cases cited. The Commonwealth has no argument with the propositions of law stated in Relator's Brief and in fact agrees with the propositions of law set forth therein. If Your Honorable Court finds that the *only* [emphasis in the original] reason that trial counsel did not object to the admissibility of the statement and therefore did not waive Relator's rights was for the reason that such an objection would be fruitless, the Commonwealth agrees that Edwin W.

■ The requirement that a habeas corpus applicant exhaust his State court remedies, now embodied in 28 U.S.C. § 2254, is a principle of comity and does not rise to jurisdictional proportions. If the case is sufficiently exceptional the doctrine need not be rigidly followed to the point of inflicting manifest injustice. See Fay v. Noia, 372 U.S. 391, 420–441, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Ex Parte Hawk, 321 U.S. 114, 116–117, 64 S.Ct. 448, 88 L.Ed. 572 (1944). See also Beto v. Martin, 396 F.2d 432, 434 (5 Cir. 1968).

■ Section 2254 does not require a Federal court to split off the issue of the voluntariness of a confession after it has gone through the process of deciding whether there was a waiver of the right to make the claim in the Federal courts. The Federal court might in the first instance have remitted petitioner to the State courts. But this was not done. The Federal courts decided the waiver question and in so doing necessarily crossed the threshold to the issue of voluntariness.

■ There are, moreover, other highly unusual circumstances in this case. Petitioner has been seeking relief in the Federal courts for a period of almost five years, since the present petition was filed on August 7, 1964. Almost two years ago we remanded the case to the District Court with directions to determine his right to habeas corpus. As late as its opinion on remand, the District Court stated that petitioner had exhausted his State remedies before he filed his petition for habeas corpus. United States ex rel. Gockley v. Myers, 276 F.Supp. at 749. It would be grossly unjust to the petitioner at this stage of the case to render nugatory all of the proceedings in the Federal courts on the ground that he failed to exhaust his State remedies, which if it was a barrier should have been evident when his petition was filed almost five years ago. The principle of comity requiring that the Federal courts should ordinarily yield their jurisdiction so that State courts may deal in the first instance with a collateral attack on State convictions, is here attenuated almost to the vanishing point.

There are before us, then, a combination of unusual circumstances. They include the lapse of time during which petitioner's effort to obtain release has been entertained by the Federal courts, the neglect of his court appointed counsel, the lack of a serious claim by the Commonwealth on the availability of State remedies, the requirement on our remand that the District Court proceed further with the case and that court's failure to follow the remand in reliance on our since reversed decision in *Singer*. All these circumstances in combination make this case sufficiently exceptional to require the conclusion that in the interest of justice the District Court should now decide the voluntariness of the confessions. The completion of the decision by the District Court will do no injury to Federal-State relationship, but instead will serve to prevent a belated fragmentation of the proceeding in which Federal jurisdiction has already been asserted a number of times over a period of years.

On remand, in view of the uncertainty and delay which has surrounded this case, we believe the District Court should afford each of the parties an opportunity to present additional evidence on the voluntariness of the confessions.

We express the thanks of the Court to petitioner's counsel for his zealous services on his behalf.

The judgment of the District Court therefore will be reversed and the cause remanded for further proceedings in accordance with this opinion.

Gockley would be entitled to a new trial. However, the Commonwealth as many times stated above, cannot accept that finding when there is not credible evidence in support thereof."

BIGGS, Circuit Judge (dissenting).

In our opinion at 378 F.2d 398 (1967)[1] this court held that items seized during a search of Gockley's residence made without a search warrant, nonetheless were admissible in evidence as validly seized since Gockley had consented to the search. This issue is no longer before us on the instant appeal.

Other issues remained however for determination and these are in the singularly sensitive area of comity between state and federal tribunals in relation to Section 2254, Title 28, U.S.C.

It was alleged by Gockley that two statements given by him to state authorities through his prolonged detention, statements which were partially incriminating, partially exculpatory, and in some particulars contradictory, were involuntary and were "pressed" from him by repeated and prolonged examinations by the police. The respondent insists that Gockley waived any right to have the statements excluded because his counsel made no objection to the first of the statements and did not object in any substantial way to the second statement.[2] We ruled that the issue of waiver was to be decided on remand and we further stated that if the court below found no waiver of any constitutional right on Gockley's part it would then be necessary to consider and decide whether due process of law had been denied him. We vacated the judgment and remanded "for further proceedings consistent with * * [our] opinion." [3]

The court below on remand correctly decided that there had been no waiver by Gockley of his constitutional right to a determination of whether his statements were voluntarily made, but the court below did not decide the issue of the voluntariness of the statements but instead "remanded" the case to the state courts to decide that issue as provided by the Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180–1, *et seq.*[4] See

---

1. Gockley was convicted of the second degree murder of Clement J. Smith and sentenced to imprisonment for not less than ten and not more than twenty years. The facts are reviewed thoroughly in Commonwealth v. Gockley, 411 Pa. 437, 192 A.2d 693 (1963). Gockley was indicted and tried for Smith's death at No. 167 March Term 1961, Court of Oyer and Terminer, Berks County, Pa.

   It is insisted by Gockley's counsel, as we understand his contention, that at Gockley's trial for forgery a confession was admitted and that therefore he has exhausted his state remedies. This position is untenable. However as the court below found Gockley exhausted his state remedies as they existed prior to the Pennsylvania Post Conviction Hearing Act. He filed the instant habeas corpus proceeding on August 7, 1964.

2. Gockley's assertion was that most of the second statement was irrelevant to the death of Clement Smith and related primarily to the killing of Mabel Klein, whom Gockley was also accused of murdering. The Court of Oyer and Terminer deemed that certain portions of the statement did relate to the death of Clement Smith and in substance Gockley's counsel agreed to the admission of what were in fact pertinent portions of the statement relating to the death of Clement Smith. See Transcript of the trial in the Court of Oyer and Terminer, pp. 183–84, 195.

3. We stated, 378 F.2d at 401: "We have mentioned the failure of the court below in dismissing the appellant's petition, to allude to the issue of the admissibility of the appellant's statements as raised by his petition, much less to decide whether there was an effective waiver of any right to have this evidence excluded. We think the issue of waiver must be decided, after opportunity is afforded to the parties to supplement the record on this question if they so desire. And if the court finds no waiver of constitutional right to challenge the admission of the petitioner's statements it will then be necessary to consider and decide whether due process of law was denied by the use of this evidence against the accused."

4. There is no law which authorizes a remand of a federal habeas corpus proceeding to a state court. The final order of the court below, that of December 28, 1967, states that it is "ORDERED that the Petition for Writ of Habeas Corpus be and it is hereby DENIED and the said Edwin W. Gockley is remanded to the state courts to litigate the issue of voluntariness through the procedures provided by the

276 F.Supp. 748 (1967). Gockley then took the appeal presently at bar.

Gockley's trial in the Court of Oyer and Terminer of Berks County began on September 18, 1961 and was concluded within a few days thereafter. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), had not yet been decided. In *Jackson*, the Supreme Court held that a habeas corpus petitioner should have a state court hearing on the issue of the voluntariness of his confession by a body other than the one trying his guilt or innocence and that if it be determined at such hearing that the confession was involuntary a new trial at which the confession is excluded is necessary. *Id.* at 391–396, 84 S.Ct. 1774.[5] See also Fay v. Noia, 372 U.S. 391, 438–440, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The court below held that Gockley had not waived his right to have determined the issue of the voluntariness of his statements. See 276 F.Supp. at 751–753. The principle of *Jackson* has been applied retroactively, as the court below stated. See Senk v. Pennsylvania, 378 U.S. 562, 84 S.Ct. 1928, 12 L.Ed.2d 1039 (1964) and Oister v. Pennsylvania, 378 U.S. 568, 84 S.Ct. 1926, 12 L.Ed.2d 1038 (1964). The court below stated that: "The rule enunciated in *Jackson* is that before a statement may be admitted in evidence there must be a preliminary determination by the court or a jury other than the trial jury that the statement is voluntary. Pennsylvania's procedure at the time of Gockley's trial was similar to that proscribed in *Jackson*. Unless a confession was clearly coerced, the confession, including the question of its voluntariness, was required to be submitted to the jury. On the basis of what Gockley had related to counsel concerning the circumstances surrounding the giving of the statements, counsel concluded that the statements were not clearly involuntary, and, therefore were required to be submitted to the jury. Counsel could not have anticipated the Supreme Court's holding in *Jackson*. Under the then state of the law an objection to the *admissibility* of the statements would have been fruitless and perhaps even harmful to Gockley's case. Counsel's choice was effectively limited to attacking voluntariness before the same jury that was to consider the eventual question of Gockley's guilt or innocence. From Binder's [counsel for Gockley] testimony, it is apparent that if counsel could have had the issue of voluntariness determined preliminarily by the trial judge, out of the presence of the jury, he would have done so. Since that right did not exist prior to *Jackson*, Gockley and his counsel cannot be said to have intelligently waived it, or to have deliberately bypassed it. See Ledbetter v. Warden, Maryland Penitentiary, 368 F.2d 490 (4 Cir. 1966)." See also Smith v. Yeager, 393 U.S. 122, 89 S.Ct. 277, 21 L.Ed.2d 246 (1968). An examination of the record demonstrates that this ruling of the district court is correct as a matter of law. On this point the majority opinion and the present writer are in accord.

The Pennsylvania Post Conviction Hearing Act was not effective by its terms until March 1, 1966. Gockley has filed no petition for habeas corpus in the Pennsylvania state courts seeking to set aside his conviction of second degree murder. The habeas corpus petition was

---

Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180–1, et seq." That portion of the order which states that Gockley is remanded to the Pennsylvania state courts in order to relitigate the issue of voluntariness may be regarded as surplusage. There is no question that the relief sought by him by way of habeas corpus was denied by the court below. *Cf.* Williams v. Murdoch, 350 F.2d 840 (3 Cir. 1965). See also Brown v. Brough, 248 F.Supp. 342, 344 (D.Md.1965). The

order denying the writ meets the requirements of 28 U.S.C. § 1291. This court may determine the merits of the instant appeal.

5. Mr. Justice White stated, 378 U.S. at 393, 84 S.Ct. at 1789: "[W]e think that the further procedings to which Jackson is entitled should occur initially in the state courts rather than in the federal habeas corpus court."

filed in the court below on August 7, 1964. The court entered its first judgment[6] denying the writ on October 12, 1964. Our judgment of remand on our opinion, 378 F.2d *supra,* was entered on May 15, 1967. Our order of remand was received by the court below on July 17, 1967. The trial court's final order from which the present appeal was taken was filed November 29, 1967. The Pennsylvania Post Conviction Hearing Act was not before the court below at the time of its first adjudication on the present petition on October 12, 1964 since that statute had not yet been enacted, but at the time of our judgment of remand on May 15, 1967 the Act was in effect.

The present writer also agrees with the majority view that on consideration of the allegations set up in Gockley's petition for habeas corpus an evidentiary hearing is required.[7] The narrow issue presented on which the majority and I differ is in what court, state or federal, should that hearing be had. The Commonwealth relies in large part upon the decision of this court in United States ex rel. Singer v. Myers, 384 F.2d 279 (1967), in which

6. No opinion reported for publication.

7. Gockley's counsel makes the following statement on his brief in chief: "7. The Commonwealth does not contest the question of voluntariness and concedes that the confessions and statements were the result of constitutionally impermissible interrogation." This contention of a concession is based on a statement in the Commonwealth's brief in the court below at the second hearing on the petition for habeas corpus, *i. e.,* in the case reported at 276 F.Supp. 748. In its brief the Commonwealth stated as follows: "Finally, the Commonwealth notes that in the brief prepared by Relator there are many cases cited. The Commonwealth has no argument with the propositions of law stated in Relator's Brief and in fact agrees with the propositions of law set forth therein. If Your Honorable Court finds that the *only* reason that trial counsel did not object to the admissibility of the statement and therefore did not waive Relator's rights was for the reason that such an objection would be fruitless, the Commonwealth agrees that Edwin W. Gockley would be entitled to a new trial." (Emphasis in original.)

The Commonwealth concedes that it made this statement but points out that the final sentence of the quoted paragraph stated: "However, the Commonwealth as many times stated above, cannot accept that finding when there is not credible evidence in support thereof." At the end of the Commonwealth's brief a star note states: "Relator in his brief has also raised a second question as to whether or not the confessions were coerced. The Commonwealth believes that it has set forth sufficient argument under Question I of this brief to reiterate its position on this question. This case was tried in 1961 and the question of coercion must be decided by the applicable law of 1961. The

Commonwealth here mentions only the fact that Relator in his brief is under the impression that the defendant was given no warnings of any nature, all of which is refuted by the trial record."

The court below, as stated, found that the reason that Gockley's counsel at his state trial did not object to the admissibility of the statement and did not waive Gockley's rights was for the reason that such an objection would be fruitless under the state of the law as it then existed. The court below did not state that its *only* reason for so concluding was the state of the then existing law but it gave no other reason for its decision on that issue.

The last quotation, *supra,* from the Commonwealth's brief seems to have no relevancy to the issue set out in the first quotation, and the second quotation, *supra,* seems to have but small relevancy if any. I will not indulge in semantical exercises in this already too lengthy opinion for whatever may have been the intent of the Commonwealth's counsel in making this seeming concession, I conclude as I have stated that an evidentiary hearing is necessary. A substantial constitutional issue is involved and a further and fuller record should be developed by way of an adequate evidentiary hearing. See the authorities cited in the dissenting opinion in United States v. Yeager, 395 F.2d 245, 255–256 (3 Cir. 1968).

Gockley has moved pursuant to Appellate Rule 10(e), 28 U.S.C., to have the record on the instant appeal enlarged by adding thereto its brief in the court below filed on the second hearing on the habeas petition. The Commonwealth has filed an opposition to Gockley's motion. I would grant Gockley's motion in order that this issue may be fully before the reviewing Court if there be an application for certiorari.

we held that Singer had available to him the Pennsylvania Post Conviction Hearing Act and since he had not availed himself of it he had not exhausted his state remedies. See United States v. Myers, 260 F.Supp. 91 (E.D.Pa.1966). See also United States ex rel. Gockley v. Myers, *supra*, 276 F.Supp. at 752–753. The Supreme Court, however, in Singer v. Myers, 392 U.S. 647, 88 S.Ct. 2307, 20 L. Ed.2d 1358 (1968) reversed our judgment per curiam simply citing Jackson v. Denno, *supra*, and Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967). The Supreme Court in Singer v. Myers did not state specifically that Singer's rights should not be decided by a state tribunal but in view of the terms of the opinion reversed it appears that the Supreme Court did so indicate.

In Roberts v. LaVallee the Supreme Court indicated that a single question, purely one of federal law, should be determined by the federal district court for the purposes of convenience and the saving of time. Also in *Roberts*, 389 U.S. at 42–43, 88 S.Ct. 194, 196, reference was made to Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), where the application of 28 U.S.C. § 2254 is fully discussed.[8] In Brown v. Allen, 344 U.S. at 449–450, 73 S.Ct. 397, the Court speaks of the three bases described by Judge Maris when he presented the Judicial Conference draft of Section 2254 to the Senate Judiciary Subcommittee.[9] The Subcommittee adopted the first two grounds set out in the draft, *i. e.*, "(1) that the applicant had exhausted the remedies available in the courts of the state, or (2) where there was no adequate remedy available in such courts * * * *"

In Jackson v. Denno the issue was the voluntariness of Jackson's confession. This, of course, presented a mixed question of fact and law and the State of New York has a strong interest in enforcing its felony laws.

Does Gockley's case fall clearly within the provisions of Section 2254, Title 28, U.S.C.? In connection with this point I state that I cannot see how the fact that the Pennsylvania Post Conviction Hearing Act did not become effective until March 1, 1966, after the first decision in the court below on Gockley's petition for habeas corpus, is relevant to the issue of whether an evidentiary hearing must be held in a state court or in a federal tribunal.

By reversing our ruling in Singer v. Myers and citing both Jackson v. Denno (involving an important interest of the state) and Roberts v. LaVallee (involving only a question of long settled federal law in which the state had no substantial interest) the Supreme Court indicated, I think, the course to be followed here; *viz.*, an issue of the voluntariness of a confession should be decided by a state-court "body". See Jackson v. Denno, 378 U.S. at 391–396, 84 S.Ct. 1774. But there is what may be described as a "condition

8. The Supreme Court stated: "In Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), we considered the statutory requirement, under 28 U.S.C. § 2254 that a petitioner exhaust his state remedies before applying for federal habeas corpus relief. We concluded that Congress had not intended 'to require repetitious applications to state courts.' 344 U.S., at 449, n. 3, [73 S.Ct. 397.] We declined to rule that the mere possibility of a successful application to the state courts was sufficient to bar federal relief. Such a rule would severely limit the scope of the federal habeas corpus statute.

"The observations made in the *Brown* case apply here. Petitioner has already thoroughly exhausted his state remedies, as the Court of Appeals recognized. Still more state litigation would be both unnecessarily time-consuming and otherwise burdensome. This is not a case in which there is any substantial state interest in ruling once again on petitioner's case. We can conceive of no reason why the State would wish to burden its judicial calendar with a narrow issue the resolution of which is predetermined by established federal principles."

9. Judge Albert B. Maris of this court was a member of a Judicial Conference committee to present the Judicial Conference draft of Section 2254, Title 28 U.S.C., to the Senate Judiciary Subcommittee.

subsequent" that may deprive the state tribunal of jurisdiction and may permit the interposition of a federal court. That condition subsequent is the refusal of the state tribunals and legislatures to afford merited post-conviction relief. The principle of Section 2254 is still in play.

The views just expressed are fortified, I think, by the per curiam opinion of the Supreme Court in Smith v. Yeager, *supra*, for Smith had exhausted his state remedies and the Supreme Court directed that the issues presented might be decided by a United States District Court. Specifically the Supreme Court stated that the issues of waiver by Smith and the voluntariness of his inculpatory statements "may be considered by the District Court." [10]

I reiterate that comity requires the determination of Gockley's rights by a Commonwealth tribunal. The Supreme Court of the United States and the lower federal courts for a long period of time have taught the desirability of the States enacting proper post conviction remedies and the importance of prompt use being made of them. The Pennsylvania Post Conviction Hearing Act would fully protect Gockley's rights. The majority seemingly agree with this view but apparently decide the case on what can perhaps be described appropriately as "unusual circumstances". But the Supreme Court has fashioned no "unusual-circumstances" exception nor has the majority suggested any authority for such an exception. Moreover, what are the unusual circumstances which would justify such a deviation from the rule of comity? Our decision at 378 F.2d 398 remanding to the district court was handed down on May 15, 1967, nearly two years ago. An inappropriate appointment of counsel by this court for Gockley caused a delay of eighteen months. But surely the Commonwealth should not be

charged with the burden of these delays for it was not responsible for them. Of paramount importance to me, however, is the fact that no Commonwealth post conviction remedy has been sought and the majority necessarily deprives the Commonwealth of any opportunity to exercise its jurisdiction in a matter of paramount importance to it, the enforcement of its criminal statutes.[11] Such a result seems hardly to comport with the friendly civility which should exist between the United States and the States.

I would affirm the Court below and must therefore respectfully dissent.

---

10. See the dissenting opinion in United States v. Yeager, 395 F.2d 245, 247–257 (3 Cir. 1968). In particular examine note 1 cited to the text of that opinion at 247.

11. I add that at the time of our remand at 378 F.2d 398 there appears to have been no reason why a Commonwealth court should not have decided the issue of waiver as well as that of the voluntariness of Gockley's statements.