## Commonwealth v. Beets

*James G. Morgan,* Deputy District Attorney, for Commonwealth.

*Carl G. Wass,* for defendant.

DOWLING, J., May 2, 1973.—Neil Beets was a passenger in a Volkswagen bus bearing a homemade cardboard license. Not surprisingly, the vehicle was stopped by the police and the driver, upon being questioned, stated that the license plate had been stolen, although he could not produce a registration card. He got out of the car and walked to the rear with one of

the officers. The other officer asked defendant to open the glove compartment and when he did so, a plastic bag containing marijuana fell out. Defendant thereupon exclaimed, "It's only a couple ounces of grass and that's all we use." He and the driver were arrested. It was subsequently determined that the vehicle was not stolen and belonged to the driver's sister.

Defendant, charged with possession with intent to manufacture or deliver a controlled substance, moved to suppress the evidence; that is, the bag of marijuana, on the contention of an illegal search and seizure.

Pronouncements of our appellate courts force us to accede to defendant's motion and suppress the evidence of his *guilt.* Our Supreme Court has held that the search of an automobile must be supported by *independent probable cause to believe that* a felony has been committed by the occupants, that the automobile has been used in the commission of a felony, that evidence of a crime is concealed in the vehicle or that there are weapons therein which are accessible to the occupants: Commonwealth v. Lewis, 442 Pa. 98 (1971); Commonwealth v. Dussell, 439 Pa. 392 (1970).

In the instant case, the officers testified that they had no report that the car was stolen and that the only reason it was stopped was because of the irregular license plate. This, in and of itself, is not sufficient cause to believe that defendant was involved in any criminal activity.

We must, however, further determine whether defendant effectively consented to the search when he opened the glove compartment at the request of the officer. Since this consent to what would otherwise be an illegal search involves a waiver of the right to be free from such searches, numerous cases have held that the consent must meet the test of constitutional waiver, that is, be voluntary and intelligent:

U.S. ex rel. Gockley v. Myers, 378 F. 2d 398 (3d Cir., 1967). For consent to be freely given, there must be a total absence of coercion, expressed or implied: Commonwealth v. Harris, 429 Pa. 215 (1968). Determinative of this issue is Commonwealth v. Burgos, 223 Pa. Superior Ct. 325 (1972), where our Superior Court noted with approval Federal decisions holding "Mere acquiescence in the orders, suggestions, or requests of the police can never be equated with consent."

Here, defendant was in a vehicle which had been stopped by the police, the driver was being questioned concerning its registration, and he was asked to open the glove compartment. Under the authorities above discussed, there was no legally effective consent to the search.

Accordingly, we are constrained to enter the following

### ORDER

And now, May 2, 1973, defendant's motion to suppress evidence is granted.