**Petition of William G. THOMPSON for a Writ of Habeas Corpus.**

**William G. Thompson, Appellant.**
**No. 13689.**

United States Court of Appeals
Third Circuit.

Argued Feb. 20, 1962.

Decided April 10, 1962.

John W. Devine, Trenton, N. J., for petitioner.

Archibald Kreiger, Paterson, N. J. (John G. Thevos, Passaic County Prosecutor, Paterson, N. J., on the brief), for respondent.

Before GOODRICH, KALODNER and GANEY, Circuit Judges.

GANEY, Circuit Judge.

This is an appeal from an order dismissing a petition for a writ of habeas

corpus. Appellant, William G. Thompson, contends that he was deprived of his right to a fair trial under the Federal Constitution because he was unduly prejudiced by (1) the introduction of incorrect anatomical measurements by the State at his trial, and (2) the instructions of the trial court concerning aiding and abetting.

Thompson is being confined by the State of New Jersey as a result of his having been convicted of causing a miscarriage by instrument resulting in the death of the victim in violation of N.J.S. 2A:87–1, N.J.S.A. His conviction was reversed by the Superior Court of New Jersey, Appellate Division, on the ground that the trial court's charge on aiding and abetting was fundamental error. That Court awarded him a new trial; one judge dissented. New Jersey v. Thompson, 56 N.J.Super. 438, 153 A.2d 364 (1959). On appeal by the State, the Supreme Court of New Jersey, in a per curiam decision, reinstated the conviction for the reasons expressed in the dissenting opinion of the Superior Court, Appellate Division, 31 N.J. 540, 158 A.2d 333 (1960). Thompson's petition for rehearing was denied. Thereafter, without pursuing any of the collateral remedies that were available to him in the Courts of New Jersey, he filed a petition and supplemental petition for habeas corpus in the United States District Court for the District of New Jersey. That Court denied the petitions on their merits. Pursuant to authority granted by 28 U.S.C.A. § 2253, the Chief Judge of this Circuit issued a certificate of probable cause.

■■ At the outset, the respondent contends that the petition, as supplemented, should have been denied on the ground that Thompson has not exhausted the remedies available to him in the State Courts as required by § 2254 of the Judicial Code.[1] It is sometimes difficult,

as here, to determine whether a petitioner has exhausted the remedies available to him in the State Courts. Although the Supreme Court of New Jersey has not expressly passed on his first contention, we think he has sufficiently presented to that Court and in his petition for writ of certiorari, the contentions he makes here. In Brown v. Allen, 344 U.S. 443, at p. 447, 73 S.Ct. 397, at p. 402, 97 L.Ed. 469, the Supreme Court of the United States said: "It is not necessary in such circumstances for the prisoner to ask the state for collateral relief, based on the same evidence and issues already decided by direct review with another petition for certiorari directed to this Court." But even if Thompson has not exhausted his State remedies, it was permissible for the District Court to reach the merits since it denied the petition. Our Court of Appeals stated in the case of In re Ernst's Petition, 294 F.2d 556, 561–562 (C.A.3, 1961): "However, as was pointed out in the concurring opinion in United States ex rel. Auld v. Warden, 3 Cir., 1951, 187 F.2d 615, 620, it is not Section 2254 [of Title 28] but rather Section 2241 which gives the district court power to entertain and dispose of petitions for habeas corpus. Section 2254 merely requires as a matter of national policy that, in the exercise of that power, affirmative relief shall not be granted to a state prisoner until he shall have exhausted the remedies available in the state courts. Denial of a state prisoner's petition for habeas corpus on its merits remains permissible under Section 2241 even though state remedies may not have been exhausted."

■ Concerning the claim on the introduction of incorrect anatomical dimensions, we think it was adequately answered by Judge Wortendyke in his opinion. The testimony in question was not shown to have been perjured as in Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340,

[1]. Respondent claims that Thompson could have pursued either of the following collateral remedies: One, filed a petition for a writ of habeas corpus under N.J.S. 2A:67–1 et seq., N.J.S.A., or two: filed a motion to vacate the conviction on the ground of fundamental unfairness in the trial court under the New Jersey Rules of Criminal Practice, N.J.R.R. 3:11–9 and N.J.R.R. 4:62–2 in the nature of *coram nobis*.

79 L.Ed. 791 (1935), or to have been obtained by a promise of leniency in consideration for favorable testimony, which was the case in Napue v. Illinois, 360 U. S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). Nor does he make any claim that there was a suppression of evidence known to be favorable to the accused, as was brought out in the cases of Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L. Ed.2d 9 (1957); Curran v. Delaware, 259 F.2d 707 (C.A.3, 1958); United States ex rel. Almeida v. Baldi, 195 F.2d 815, 33 A.L.R.2d 1407 (C.A.3, 1952), cert. denied, 345 U.S. 904, 73 S.Ct. 639, 97 L.Ed. 1341. At his trial Thompson was not prevented from challenging the incorrect dimensions, either by cross-examination, or by presenting evidence in defense. He may not now claim that he was denied due process of law on this point.

Regarding the asserted improper instructions, this claim was not presented to the District Court and need not be answered here.

The order denying the petition will be affirmed.