STATE OF LOUISIANA ex rel. John H. SANFORD

v.

Bryan CLEMMONS, Sheriff, Parish of East Baton Rouge, Louisiana.

Misc. No. 725.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Dec. 3, 1963.

Ralph Brewer, Baton Rouge, La., for petitioner.

John F. Ward, Asst. Dist. Atty., Sargent Pitcher, Dist. Atty., Parish East Baton Rouge, for respondent.

WEST, District Judge.

Petitioner, John H. Sanford, filed an application herein for the issuance of a writ of habeas corpus contending that he was being held in the East Baton Rouge Parish Jail, at Baton Rouge, Louisiana, in violation of Louisiana Criminal Laws and in violation of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. This Court granted a motion filed by petitioner to proceed in forma pauperis and, at his request, appointed an attorney to represent him. An order to show cause why the writ of habeas corpus should not be granted was then issued and served upon the Sheriff for the Parish of East Baton Rouge, Louisiana, the District Attorney for that Parish, and the Attorney General of the State of Louisiana. Thereafter, respondent filed a motion to dismiss, and this matter was set for hearing.

After carefully considering the pleadings in this case, together with the arguments of counsel and the briefs filed herein, this Court is of the opinion that petitioner's application for the issuance of a writ of habeas corpus must be denied for lack of jurisdiction, there being no violations of Federal rights involved.

On or about July 20, 1960, petitioner was arrested in East Baton Rouge Parish on charges of automobile theft. On January 21, 1961, after trial, he was found guilty of the lesser offense of attempted automobile theft. Under Louisiana Law petitioner could have been sentenced after 24 hours following his conviction, LSA–R.S. 15:521 (1950), but upon request of petitioner's attorney, made in open Court, a pre-sentence investigation was ordered by the Court. In accordance with the Trial Court's order at that time, the report of the pre-sentence investigation was to be returned on February 10, 1961, but again, at petitioner's counsel's request, the return date was continued to February 28, 1961. However, on February 28, 1961, the Court was apparently informed that the pre-sentence investigation had not been completed and additional time was granted. During all of this time petitioner was free on bail. It is not exactly clear when the pre-sentence investigation was finally presented to the Court, but in any event, on March 19, 1962, the petitioner having failed to appear in Court, a bench warrant was issued and the petitioner brought before the Court. At that time he was sentenced to serve one year in jail plus $100 fine, or an additional six months in jail. Thereafter, the jail portion of the sentence was suspended, and the petitioner was placed on probation. Actually, the reason for the delay in sentencing was that petitioner's attorney was of the opinion that the longer the delay, the lighter the sentence would ultimately be. In other words, his request for delays was a part of his trial strategy. Petitioner's attorney felt that his opinion had been vindicated when the jail sentence imposed was ultimately suspended.

Apparently petitioner did not profit by his experience because, on December 3, 1962, he was arrested and found guilty of driving while intoxicated, whereupon his previously imposed probation was revoked. As a result of this revocation of

90

probation, petitioner is now incarcerated in the Parish Jail at Baton Rouge, Louisiana. It is now his contention that his constitutionally guaranteed rights were violated because of the delays involved between his conviction and his ultimate sentencing. He first applied for the issuance of a writ of habeas corpus directly to the Supreme Court of Louisiana, which writ was denied because that Court found "no legal basis for the exercise of a writ of habeas corpus". The necessary implication of this denial is that the highest court of the State of Louisiana felt that there had been no violation of Louisiana Law.

 Petitioner relies on LSA–R.S. 15:531 (1950) for his contention that sentence in all cases must be imposed within sixty days after conviction. That Statute merely provides that a pre-sentence investigation *should* be concluded within that time. Under the provisions of LSA–R.S. 15:521 (1950), the Trial Court may, in its discretion, allow longer than 24 hours between conviction and sentence. There is no maximum time provided for in that statute. Furthermore, petitioner is not in any position to complain in this particular case when, as a matter of fact, the delays involved were granted at the request of his counsel.

In short, petitioner has shown no violation of the Criminal Laws of the State of Louisiana, nor has he shown any violation of his Federally guaranteed constitutional rights. This Court is without jurisdiction in this matter. Under 28 U.S.C.A. § 2241(c) (3), a writ of habeas corpus may issue out of this Court if the petitioner is being held in violation of the Constitution or Laws of the United States. There is no such showing in this case. If the State sentence under which petitioner is held is completely null and void, further State detention is in violation of Federal Law. Turpin v. Sacks, 291 F.2d 223 (CA 6 1961); United States ex rel. Oakley v. Cummings, 152 F.Supp. 141 (D.Conn. 1956). But, the question of illegality of sentence based upon interpretation of State Statute is a matter for redress in State Courts and not properly brought before this Court upon a petition for writ of habeas corpus. Cavanaugh v. State of Maine, 88 F.Supp. 558, 559 (S. D.Me.1950). Neither will this Court interfere with the administration of State Criminal Laws unless petitioner's fundamental Constitutional rights have been infringed upon, and no such showing has been made in this case. United States ex rel. Kennedy v. Tyler, 269 U. S. 13, 46 S.Ct. 1, 70 L.Ed. 138; Ramsey v. Hand, 309 F.2d 947 (CA 10 1962); Young v. Eidson 217 F.2d 158 (CA 8 1954).

For the reasons herein set forth, petitioner's application for the issuance of a writ of habeas corpus will be denied.