Niels R. J. ELLIS, Petitioner,

v.

STATE OF NEW JERSEY, Respondent.

Civ. 326–65.

United States District Court

D. New Jersey.

Jan. 26, 1967.

---

## MEMORANDUM AND ORDER

LANE, District Judge.

Petitioner's application for a writ of habeas corpus has been allowed to be filed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Petitioner is presently incarcerated in the New Jersey State Prison at Trenton serving a term of 15 to 25 years imposed by the Middlesex County Court on May 28, 1958, after his plea of *nolo contendere* was entered to an indictment charging him with murder.

Although not clearly enunciated, petitioner's application alleges eight separate grounds on which relief should be granted. These grounds are as follows: (1) His plea of *nolo contendere* was not voluntarily and intelligently made and should not have been accepted by the court. (2) Prior to imposition of sentence he was not asked if he wanted to make a statement and was thereby denied the right of allocution. (3) His request for counsel during the period of his interrogation was refused by the police and he was not advised of his right to remain silent. (4) He was held incommunicado for approximately four days before being taken to the magistrate for a preliminary hearing. (5) The Middlesex County Grand Jury did not have jurisdiction to hand down an indictment because there was no evidence that the murder was committed in Middlesex County and there was no proof of the corpus delicti. (6) He was denied a fair trial by the refusal of the court to subpoena witnesses for his trial. (7)

He was denied the effective assistance of counsel in the preparation of his case. (8) The hearing on his motion to retract his plea was unfair because incompetent, prejudicial, and illegally-seized evidence was admitted into evidence.

 It has long been held that an application for a writ of habeas corpus is proper only if it presents a claim which, if sustained, would entitle petitioner to immediate release from custody. See McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); but cf. Martin v. Commonwealth of Virginia, 349 F.2d 781 (4th Cir. 1965). This rule is in issue here because about six months after filing his application with this court, petitioner effected an escape from the New Jersey State Prison. He was apprehended and returned to custody and was indicted for the crime of escape and also for breaking and entering. On September 19, 1966, he entered a plea of guilty to these two charges in the Mercer County Court and is presently waiting to be sentenced. Presumably, were it not for petitioner's 1958 sentence, he would be free on bail pending his sentencing on the escape and breaking and entering convictions. Since being free on bail has been held not to constitute being in "custody," see Allen v. United States, 349 F.2d 362 (1st Cir. 1965); but cf. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), petitioner's present custody must be considered to be due solely to the sentence which he is challenging. Therefore, if that sentence were held unconstitutional, he would be entitled to immediate release from custody. Consequently, petitioner's application is not precluded by the so-called "prematurity" concept.

Before turning to the merits of petitioner's claim, we must first determine if he has sufficiently exhausted his state remedies. 28 U.S.C. § 2254(b). On May 15th and 16th, 1961, about three years after being sentenced on his plea of nolo contendere, a hearing was held in the Middlesex County Court on petitioner's motion to retract his plea. It was petitioner's contention that he did not know the nature of the plea and therefore it was not competently and voluntarily made. Following the evidential hearing, Judge Thompson concluded that the motion should be denied. No appeal was taken from this decision. In August of 1963 petitioner submitted an application for a writ of habeas corpus to the Superior Court of New Jersey, Middlesex County, in which petitioner again contended that he did not understand the meaning of the nolo contendere plea which had been entered. He also contended that the court's finding on the hearing to retract his plea was contrary to the evidence. On December 3, 1964, that application for a writ of habeas corpus was denied without a hearing by Judge Molineux. Petitioner then submitted a motion for leave to appeal as an indigent to the New Jersey Supreme Court. Although this was phrased in terms of an appeal from the denial of his application for a writ of habeas corpus, in addition to raising the issue of whether his nolo contendere plea should have been accepted, petitioner also asserted that: he was not given an opportunity to make a statement and present information in mitigation of his punishment; he was held incommunicado for four days and was not advised of his rights; his request to the police for counsel during his interrogation was denied; and the Middlesex County Grand Jury did not have jurisdiction to hand down an indictment against him because of the lack of evidence. On February 23, 1965, the New Jersey Supreme Court granted his petition for leave to appeal as an indigent and ordered that the appeal be dismissed for want of merit. Petitioner then submitted the present application for a writ of habeas corpus to this court.

 The general requirements of the exhaustion doctrine are that the matter must first be presented to the highest court of the state before relief can be granted in the federal court. Under this doctrine it is not necessary that the state's highest court actually deal with

the merits of the case as long as the matter has been presented to them. In re Thompson's Petition, 301 F.2d 659, 660 (3d Cir. 1962). Although it is doubtful whether most of the claims which petitioner has presented to us have been properly presented to the New Jersey Supreme Court for purposes of the exhaustion doctrine, we feel that we have the power to pass on the merits of these claims under the approach to the exhaustion doctrine which says that a federal court may *deny* habeas corpus relief even though the issue has not been presented to the highest state court. See In re Thompson's Petition, 301 F.2d 659, 660 (3d Cir. 1962) (dictum). We espouse this approach as being a sensible one in certain situations where the district court is able to determine without a hearing that the claim is without merit. It is especially suitable to a case like the instant one where petitioner's major claim has already been presented to the state's highest court. Thus, we feel that none of petitioner's claims should be precluded by the exhaustion doctrine since nothing will be gained by shuttling him back to the state court to comply with the technicalities.

The basic facts in this case are that on December 6, 1957, petitioner was indicted for the murder of one Samuel Habit. On December 13, 1957, he was arraigned and a plea of not guilty was entered on his behalf and the court agreed to appoint an attorney to represent him. Shortly thereafter the court appointed Harold J. Sklarew, Esquire, to represent him. On April 11, 1958, petitioner appeared with his attorney and his plea of not guilty was retracted and a plea of non vult was entered. Petitioner contends that he has no recollection of this because after arriving at the court house on that day he had a bad asthma attack. That evening when petitioner was informed of the plea which had been entered, he requested his counsel to retract it. Although the plea was not formally withdrawn, the record indicates that it was treated as retracted. Preparation for a trial was undertaken but on May 28, 1958, petitioner entered a plea of *nolo contendere*. The transcript of that proceeding reads as follows:

MR. SKLAREW: If your Honor please, this case has proven to be one of serious concern both to the State and to the defendant. The State would have the burden of proving beyond a reasonable doubt that the alleged crime was premeditated, that the alleged confession was obtained voluntarily, and that there was definite proof of a corpus delicti.

On behalf of the defense we have the question of a repudiated confession and the difficulty of obtaining witnesses to prove the facts and circumstances as to the happenings at the time the alleged murder was committed.

This is further complicated by the background of the defendant because of the sociological and psychological background factors involved. And there is, of course, the question of the great expense to the State to conduct this trial and one which, I believe, the outcome will be greatly in doubt.

It is with all these factors taken into consideration that the defendant requests permission to change his plea to nolo contendere, or no defense, and places himself on the mercy of the court. I trust that your Honor will accept his plea and impose a sentence that will be both merciful and just under the circumstances.

THE COURT: Do I take it you have explained to the defendant the entire situation and the plea that he is making?

MR. SKLAREW: Yes. The defendant is fully aware.

THE COURT: Fully aware?

MR. ELLIS: That's right.

THE COURT: Mr. Prosecutor, I understand that the plea is acceptable to the prosecutor and the sentence by the court is also acceptable to the prosecutor?

MR. DOLAN: That is correct.

THE COURT: All right. The court will accept under all the circumstances the plea of the defendant to the indictment for murder, and the sentence of the court is that he be confined to State's Prison for not less than 15 nor more than 25 years. Credit for the time spent in jail will be given.

■ Petitioner's first contention is that he did not understand the nature of the plea of *nolo contendere* and the court had no jurisdiction to accept it because it was not a voluntary plea. This issue has been the subject of a full fact-finding hearing in the Middlesex County Court on petitioner's motion to retract his plea. Petitioner was represented at that hearing by court-appointed counsel. Judge Thompson reviewed the evidence and denied the motion to retract, stating in part:

"5. That on May 28, 1958 with instructions from appellant and with full understanding of the meaning of the plea of nolo contendere and the nature of the charge of murder set forth in the indictment, appellant's counsel, in appellant's presence, entered a plea of nolo contendere on behalf of the appellant who thereupon made a personal statement for the appellant.

"6. The credible evidence clearly demonstrates that appellant's allegations are without substantial basis; that the plea of nolo contendere was made voluntarily, with full understanding of the nature of the charge, and that the defendant was interrogated by the court as to his plea before sentence was imposed."

We have studied the transcript of that hearing and are in substantial agreement. We have found nothing to overcome the presumed correctness of that opinion. See 28 U.S.C. 2254(d) (Public Law 87–711, 80 Stat. 1105, Nov. 2, 1966).

■ Petitioner's second contention is that he was not asked if he would like to make a statement on his own behalf. This, however, is not "an error of the character or magnitude cognizable under a writ of habeas corpus." See Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

■ Petitioner's third contention is that his request for counsel during his interrogation was refused by the police and he was not advised of his right to remain silent. Although petitioner gave a confession during the police interrogation, he has no cause to complain since he entered a plea and the confession was not used. However, assuming the confession had been used, it should be noted that the rights he is asserting are those set forth in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and these rights have been held to be non-retroactive, see Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), and therefore would not apply to petitioner's case.

■ Petitioner's fourth contention is that he was held incommunicado for several days before being taken to a magistrate for a preliminary hearing. The rule that petitioner is asserting—the McNabb-Mallory rule—is not of constitutional dimensions and does not apply to the states. See State v. Johnson, 43 N.J. 572, 592–593, 206 A.2d 737, 748 (1965), aff'd 384 U.S. 719, 735, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Colon v. Grieco, 226 F.Supp. 414, 420 (D.N.J. 1964).

■ Petitioner's fifth contention is that the Middlesex County Grand Jury did not have jurisdiction to indict him because there was no evidence that the murder was committed in the county and there was no proof of the corpus delicti. Since the court had personal jurisdiction over petitioner and subject matter jurisdiction over the crime charged, what petitioner is attacking is the sufficiency of the evidence on which the indictment was based. However, this is a matter which must be attacked directly—as by a motion to quash the indictment. "[T]he writ of habeas corpus will not lie to question the sufficiency of an indictment

which on its face is within the jurisdiction of the court to which it was returned * * *." United States ex rel. Potts v. Rabb, 141 F.2d 45, 47 (3d Cir.), cert. denied, 322 U.S. 727, 64 S.Ct. 943, 88 L. Ed. 1563 (1944).

 Petitioner's sixth contention is that the court denied him the right to have witnesses subpoenaed. From our records it is not clear that the trial court was ever asked to issue subpoenas for the attendance of witnesses. However, even assuming petitioner's allegation is correct, this is not a matter which can be questioned collaterally on habeas corpus. See, e. g., Bozel v. Hudspeth, 126 F.2d 585, 588 (10th Cir. 1942); United States ex rel. Lawson v. Skeen, 145 F. Supp. 776, 779 (N.D.W.Va.1956).

Petitioner's seventh contention is that he was denied the effective assistance of counsel in the preparation of his case. Although this claim was not directly in issue at the hearing on petitioner's motion to retract his plea, much evidence was adduced there which is pertinent.

Petitioner's court-appointed counsel, Harold J. Sklarew, Esquire, is and has been a member in good standing of the New Jersey Bar for over 35 years. During the course of representing petitioner, Mr. Sklarew conferred with him on 25 or 30 occasions and sought to investigate the various defenses that petitioner told him about. Since he was unable to find evidence which would establish these defenses, it was decided that petitioner should enter a plea of *nolo contendere*. The evidence indicates that Mr. Sklarew sought to act in petitioner's best interest and with his prior authorization and understanding.

 The test for evaluating the effectiveness of counsel has been stated as follows:

"The services of counsel meet the requirements of due process when he is a member in good standing at the bar, gives his client his complete loyalty, serves him in good faith to the best of his ability, and his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice. Only when the representation of an attorney is so lacking in competence or good faith that it becomes the duty of the trial judge or prosecutor as officers of the state to observe and correct it, is there a denial of due process. United States ex rel. Darcy v. Handy, 203 F.2d 407, 427 (3rd Cir., 1953)."

United States v. Cariola, 323 F.2d 180, 185 n. 4 (3d Cir. 1963); see Williams v. State of New Jersey, 230 F.Supp. 316, 321 (D.N.J.1964). The record satisfies us that the representation which petitioner received from his counsel was well within the limits prescribed by the due process requirement.

 Petitioner's eighth contention is that the hearing on his motion to retract his plea was unfair because incompetent, prejudicial and illegally-seized evidence was admitted into evidence. As to the claim that the evidence was inadmissible as being incompetent and prejudicial, this is a matter which should have been tested on direct appeal. These alleged errors will not be considered by way of habeas corpus. See, e. g., United States ex rel. Washington v. Cavell, 251 F.Supp. 779, 780 (M.D.Pa.1966). As to the claim that items which were illegally seized from his jail cell were admitted against him, this claim is without merit on several grounds. First, it is not clear that there was an illegal seizure; second, no objection on this ground was made by petitioner's counsel; third, the evidence was admitted only for purposes of attacking petitioner's credibility and not for its substance; and fourth, it is not clear that the rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) applies to petitioner. See Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

 Having examined each of petitioner's claims [1] and having found them

---

1. Although we have gone into the merits of each of petitioner's claims, it should

be noted that since we have found that his *nolo contendere* plea was voluntarily

to be without merit, now, therefore, it is on this 26th day of January, 1967, ordered that the relief requested by petitioner be denied and that his petition for a writ of habeas corpus be and hereby is dismissed.

entered, it constituted a waiver of all non-jurisdictional defects and defenses and it was not necessary for us to consider them in this habeas corpus proceed-

ing. See, e. g., United States v. Gallagher, 183 F.2d 342, 344 (3d Cir. 1950), cert. denied, 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659 (1951).