**Charlie ROBINSON, Appellant.**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.**

**No. 24756.**

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1967.

Jack B. McPherson and Carleton L. Weidemeyer, Asst. Public Defenders, Clearwater, Fla., for appellant.

Earl Faircloth, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before TUTTLE and WISDOM, Circuit Judges, and HEEBE, District Judge.

WISDOM, Circuit Judge.

The petitioner, Charlie Robinson, contends that he is being unlawfully detained under a sentence that has expired. The district court rejected this contention and denied his petition for a writ of habeas corpus. We affirm.

Robinson was sentenced to a term of 15 years by the Circuit Court of Pasco County, Florida, on September 8, 1951 (Pasco sentence I). Ninety-seven days later, he was sentenced to a term of 12 years by the Criminal Court of Record of Hillsborough County, Florida, for an unrelated offense (Hillsborough sentence). This second sentence states that it is to run consecutively to the Pasco sentence. On February 24, 1965, Pasco sentence I was vacated by the state court, on the ground that the sentence had been adjudicated and imposed while Robinson was unrepresented by counsel. Six days later, Robinson entered a guilty plea to the Pasco offense, and was resentenced to a term of 14 years, with credit to be given for all time served under the Pasco sentence I (Pasco sentence II). A little more than a year later the petitioner brought a motion for correction of sentence in the state court. The court issued an order denying the motion and reaffirming that its intention was to impose a 14 year term with credit given for all time served under Pasco sentence I. The question is, just how much time did Robinson serve under Pasco I.

At the time Pasco sentence I was vacated, it had not yet expired, and the Hillsborough sentence had not yet begun to run. When Pasco I was vacated, the Hillsborough sentence began to run on the date that it was imposed, that is 97 days after Pasco I, just as though the void sentence had never been pronounced. Helton v. Mayo, 1943, 153 Fla. 616, 15 So.2d 416; Ex parte Sams, Fla.Sup.Ct. 1952, 67 So.2d 657. These cases in

effect hold that under Florida law when two sentences are imposed to run consecutively, and the one first imposed is declared void, the second is recomputed as if it had actually begun on the day when it was imposed. Up to this point, the parties are in agreement, and the record indicates that the custodial authorities now compute Robinson's time with the Hillsborough sentence beginning on December 14, 1951, the day it was imposed, and Pasco II running from the expiration of Hillsborough, with credit given for 97 days served under Pasco I.[1]

The petitioner argues that the state judge, in imposing Pasco II intended to give him credit for all of the time that he had been in prison, since, until Pasco I was vacated, it was only that sentence which Robinson was serving. As the Florida Supreme Court has said recently in a similar case, "This may have been what he meant, but he may also have meant what he said. The sentence appears to us to be unequivocal.

1. For reasons not clear in the record, but apparently having to do with parole violations, the Hillsborough sentence did not expire until April 12, 1966. The petitioner does not challenge this aspect of the computation. The Pasco II sentence, with the 97 days credit was begun on April 13 and, according to the Division of Corrections, Robinson's release date is tentatively scheduled for February 7, 1973.

2. In an order dated June 1, 1966, the Florida trial judge stated: "[H]aving examined a letter of May 6, 1966 from David D. Bachman, deputy director for inmate treatment, which was directed to Jack B. McPherson, Assistant Public Defender of the Sixth Judicial Circuit, a copy of which is attached hereto; having examined the minutes of the sentencing of said defendant before this Court on March 30, 1965; * * * The Court is of the opinion that the sentencing of the defendant by this Court on March 30, 1965 is self-explanatory and is not in need of correction. It was the intention of the Court to impose a 14 year sentence on said defendant and to allow credit to the defendant for all time previously served on the first sentence herein which was imposed on September 8, 1951, and which was subsequently vacated, by motion of the defendant, under

Where the language of a sentence is clear we have no power to change it by speculating that the trial judge meant something else." Falagan v. Wainwright, Fla.Sup.Ct. 1967, 195 So.2d 562, 563. While the sentence does not expressly refer to the existence or effect of the Hillsborough sentence, it is clear from the record that, at least at the time of the motion for correction of sentence, when the original language was affirmed, the state trial judge was aware not only of the other sentence, but of the manner in which the State Division of Corrections had computed it.[2] The petitioner cannot have his cake and eat it too. These were consecutive sentences, and the time served under either one cannot be credited to the other. For us to accept Robinson's contention would be to declare that while he was in jail prior to the vacation of Pasco I, he was serving not only that sentence, but Hillsborough as well, the one which he is now credited with having served because of the voiding of Pasco I.

Criminal Rule #1, on February 26, 1965." The letter referred to from the Florida Division of Corrections reads as follows: "In February of 1965, when his Pasco County sentence was vacated, the Hillsborough County sentence was automatically recomputed as though it began on the date imposed which was December 14, 1951. This sentence did expire on April 12, 1966.

Since this time was applied to the Hillsborough County sentence, it cannot also be applied to the new Pasco County sentence. The only way the same time can be applied to two different sentences is if those sentences are running concurrently. The new commitment of 14 years from Pasco County was not concurrent.

We, therefore, began his new sentence of 14 years from Pasco County on the date the Hillsborough County sentence expired which was April 12, 1966. We applied the 97 days from September 8, 1951, to December 14, 1951, when the Hillsborough County sentence was imposed, to this new 14-year sentence. This 97 days is the only time from the original Pasco County sentence which had not been credited to the Hillsborough County sentence and is, therefore, the only time we can apply to the new sentence from Pasco County."

At best, the petitioner's argument is only that the Florida courts somehow or other misconstrued the Florida sentences. His contentions have already been presented to the state courts and rejected there. At that point the matter should have ended. Federal habeas corpus is not a substitute for appeal or writ of error in the state courts. The function of habeas corpus, while of utmost importance, is limited to correcting errors of federal constitutional dimensions which have resulted in an unlawful detention. 28 U.S.C. § 2241; Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. When no such denial of due process is shown, we are without jurisdiction to act. See State of Louisiana ex rel. Sanford v. Clemmons, E.D.La.1963, 224 F.Supp. 88. Here it is doubtful that the petitioner even alleges a denial of *federal* rights. Nevertheless, because of the Court's policy of liberally construing pro se habeas petitions, the district court and this Court have considered the merits. The petition lacks substance and must be denied.

The judgment is therefore affirmed.