**UNITED STATES of America ex rel. Donald Howard MONTGOMERY, Appellant,**

**v.**

**Joseph R. BRIERLEY, Superintendent, Appellee.**

**No. 17105.**

United States Court of Appeals Third Circuit.

Argued Feb. 20, 1969.

Decided Aug. 6, 1969.

As Corrected Sept. 4, 1969.

---

John Rogers Carroll, Philadelphia, Pa., for appellant.

John H. Brydon, Dist. Atty., David L. Cook, Robert J. Hawk, Asst. Dist. Attys., Butler, Pa., for appellee.

Before VAN DUSEN, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

STAHL, Circuit Judge.

The three issues in this habeas corpus appeal are:

(1) whether appellant has exhausted his state court remedies with respect to his claims of unlawful arrest, failure to have counsel at a preliminary hearing, and ineffective counsel;

(2) whether the state courts properly disposed of his double jeopardy claim; and

(3) whether a confession and related statements were properly admitted in his state court trial for murder and other offenses.

The district court dismissed appellant's application for a writ of habeas corpus, without an evidentiary hearing, on the ground that he had failed to exhaust his state remedies on some of his

claims and that the other claims had been properly rejected by the state courts.[1] To put the issues in proper perspective, it is necessary to relate in some detail what transpired in the state courts.

Appellant Montgomery was brought to trial before a jury in May 1962, in Butler County, Pennsylvania, on consolidated indictments charging murder, arson, burglary and armed robbery. The District Attorney, in his summation to the jury, referred to appellant as a "pro" and as an "old pro." The court granted appellant's motion for a mistrial on the ground that his right to a fair trial had been prejudiced.

Over his protest[2] that retrial for first degree murder constituted double jeopardy, appellant was tried again in June 1962, and found guilty of murder in the first degree as well as of the other offenses for which he was indicted.[3] The murder conviction resulted in a sentence of life imprisonment which appellant is now serving; lesser concurrent sentences were imposed on the other indictments. No direct appeal was taken.

Early in 1965, appellant submitted to the Butler County court a *pro se*[4] petition for habeas corpus in which he claimed first, that the confession and other inculpatory statements introduced at his trial were erroneously admitted, and secondly, that the retrial for first degree murder constituted double jeopardy. This petition was dismissed without a hearing on February 18, 1965, in an opinion by Judge Shumaker,[5] the

court reiterating its rejection of the double jeopardy argument and finding no constitutional infirmity in the admission of the statements, especially in light of the fact that Montgomery had taken the stand at his trial and testified to his participation in some of the offenses with which he was charged. In disposing of the present application, the court below did not have before it the Butler County court opinion dismissing this habeas corpus petition.

According to appellant, following the denial of his first state court habeas corpus petition by the Butler County court, he filed a second petition in which he alleges he raised the additional constitutional claims as to which the court below found he had not exhausted his state remedies. The second petition was also denied, again without an evidentiary hearing, in an opinion by Judge Shumaker dated July 15, 1965.[6]

On appeal to the Supreme Court of Pennsylvania, the denial of habeas corpus was upheld. Commonwealth ex rel. Montgomery v. Myers, 422 Pa. 180, 220 A.2d 859, cert. denied, 385 U.S. 963, 87 S.Ct. 405, 17 L.Ed.2d 308 (1966). The opinion, by Justice Roberts, dealt with two issues, viz., double jeopardy and the admissibility of the confession.

### Exhaustion of State Remedies

Our independent examination of the record before the State Supreme Court discloses the following:

(1) Appellant's *pro se* brief before that Court contained only one "State-

---

1. The first opinion dismissing the petition was dated November 8, 1967. A petition for reconsideration was denied in an opinion of December 1, 1967. Both opinions are unreported.

2. The trial court's denial of the motion to quash the indictment on the ground of double jeopardy is reported at 2 Butler Co.L.J. 307 (1962).

3. Appellant was represented by the same appointed counsel at both trials.

4. It should be noted that not only this petition but also a subsequent state habeas corpus petition, discussed later, and the petition in the district court, were

presented *pro se*, as was appellant's brief on appeal to the Pennsylvania Supreme Court. The only times Montgomery was represented by counsel were in the state court trials and on the present appeal to this court.

5. Miscellaneous Docket, No. 31 March Term, 1965, Court of Common Pleas of Butler County, reported at 3 Butler Co. L.J. 328 (1965).

6. The second petition and opinion were filed at the same docket number and term set forth in the preceding note. The opinion appears to be unreported.

ment of Question Involved," this being the double jeopardy issue, and the substantive argument in the brief was limited to this point.[7]

(2) Attached to appellant's brief before the Pennsylvania Supreme Court were both of the petitions for habeas corpus which appellant claims to have filed with the Butler County court and both of the opinions by Judge Shumaker denying these petitions.

Appellant's counsel has furnished to this court the two state petitions and the two state lower court opinions.

From our examination of the record in the district court, it appears that the court did not have before it either of the opinions of Judge Shumaker referred to above but that both of the petitions filed in the Butler County court were attached to the habeas corpus application filed below.

 From the foregoing, we believe it is necessary to remand this appeal to the district court to determine from a fair appraisal of both of the state habeas corpus petitions filed by appellant, and the opinions which dismissed them, whether he had in fact raised all of the constitutional claims he now makes prior to seeking relief in the federal courts. As we said in United States ex rel. Thomas v. Maroney, 406 F.2d 992 (3d Cir.1969), the district courts have the power, and the duty, to secure and examine all available state records before disposing of a habeas corpus petition.[8] *See also* Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Conner v. Wingo, 409 F.2d 21 (6th Cir.1969); Jackson v. Nelson, 404 F.2d 1138 (9th Cir.1968); Wright and Sofaer, Federal Habeas Corpus for State Prisoners: The Allocation of Fact-Finding Responsibility, 75 Yale L.J. 895, 923 (1966).

 In determining whether appellant's state court petitions adequately raised the claims he now makes in the federal courts for exhaustion purposes, we should recognize that a habeas corpus petition prepared by a prisoner without the aid of counsel may be inartfully drawn and should therefore be read "with a measure of tolerance." Wade v. Yeager, 377 F.2d 841, 846 (3d Cir.1967), cert. denied, 393 U.S. 893, 89 S.Ct. 218, 21 L.Ed.2d 173 (1968). It is the policy of the courts to give a liberal construction to *pro se* habeas petitions. Robinson v. Wainright, 387 F.2d 438, 441 (5th Cir.1967). If an examination of the state records proves inconclusive, it may be appropriate for the district court to conduct an evidentiary hearing on the question of whether appellant has exhausted his state remedies. *See* Brown v. Wainright, 394 F.2d 153, 154 n. 1 (5th Cir.1968).[9]

---

7. While appellant's brief dealt only with the double jeopardy issue, the Supreme Court disposed, as well, of the question of the admissibility of the confession which appellant had also raised in his first state habeas corpus petition.

8. In addition to the petitions and opinions, it may also be well to secure and examine the transcripts of the appellant's two trials.

 We recognize that in the district court appellant did not clearly identify the two apparently undated habeas corpus petitions he had filed in Butler County at different times even though they were attached to his federal court petition. Nor did he supply copies of Judge Shumaker's opinions disposing of each of the petitions. As appellant is proceeding *pro se*, we believe the district court should undertake to obtain these records as it has the power to do under 28 U.S.C. § 2254(e), as well as under its own Rules of Court: Rule 16(g).

9. A mechanical application of the exhaustion doctrine should be avoided. We agree with the statement by Judge Sheridan in Commonwealth of Pa. ex rel. Whiting v. Cavell, 244 F.Supp. 560, 563 (M.D.Pa.1965), aff'd per curiam, 358 F.2d 132 (3d Cir.), cert. denied, 384 U.S. 1004, 1009, 86 S.Ct. 1921, 16 L.Ed.2d 1018 (1966), that

 the degree to which an issue * * * presented before it [the district court] will be deemed to have been raised and state remedies with respect thereto exhausted is necessarily a case-by-case determination.

 Because of the ability of the district court to conduct an evidentiary hearing on exhaustion, if necessary, and because

 If the district court should find that appellant's state habeas corpus petitions did raise all of the claims he now makes below, it will be necessary to determine the effect of the failure of the State Supreme Court to deal with any of these claims except the double jeopardy and confession issues. As the courts have repeatedly said, the exhaustion requirement is based upon the principle of comity rather than on any jurisdictional limitation. United States ex rel. Gockley v. Myers, 411 F.2d 216 (3d Cir.1969); Bell v. Alabama, 367 F.2d 243, 248 (5th Cir.1966), cert. denied, 386 U.S. 916, 87 S.Ct. 859, 17 L.Ed.2d 788 (1967). Due regard for this principle requires that the state courts, including the highest appellate court of a state, be afforded the initial opportunity to pass upon alleged claims of unconstitutional restraint: Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); United States ex rel. Poulson v. Rundle, 276 F.Supp. 506, 507 (E.D.Pa. 1967).

 We believe that on either of two grounds the exhaustion requirement will have been satisfied here, insofar as the action of the State Supreme Court is concerned, *if* it is found that appellant had asserted in his state court petitions all of the constitutional claims which he now makes:

(1) As noted above, appellant's two state court petitions and the Butler County court opinions dismissing them were part of the record in the State Supreme Court. Therefore, so long as the claims have actually been presented to the highest court of the state, it generally does not matter whether that court expressly deals with the merits of the claims. Petition of Thompson, 301 F.2d 659 (3d Cir.1962); [10] Ellis v. New Jersey, 282 F.Supp. 298 (D.C.N.J.1967), aff'd per curiam, 388 F.2d 988 (3d Cir.), cert. denied, 392 U.S. 938, 88 S.Ct. 2312, 20 L.Ed.2d 1397 (1968); [11] Bauers v. Yeager, 261 F.Supp. 420 (D.C.N.J. 1966).

(2) It may be argued that by limiting his State Supreme Court brief to the sole issue of double jeopardy, appellant abandoned the other claims raised in his state habeas corpus petitions and therefore they were not properly before the appellate court. If that be so, then under the Pennsylvania Post Conviction Hearing Act of January 25, 1966, P.L. (1965) 1580, § 4, 19 P.S. § 1180–4, appellant would seem to be precluded from raising these issues again in the state courts.

Section 4(a) of the state law provides:

(a) For the purpose of this act, an issue is finally litigated if:

(1) it has been raised in the trial court, the trial court has ruled on the merits of the issue, *and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling;* * * * (Emphasis added.)

 Thus, even if appellant is found not to have exhausted his full state rem-

---

of the expert feel of district court judges for the legal deciphering of *pro se* petitions, we think it is preferable for the court below to reappraise this case with the complete state court record at hand . rather than for this court to rule squarely on the exhaustion issue at this stage.

10. Judge Ganey said in *Thompson:*
 * * * It is sometimes difficult, as here, to determine whether a petitioner has exhausted the remedies available to him in the State Courts. Although the Supreme Court of New Jersey has not expressly passed on his first contention, we think he has sufficiently presented to that Court and in his petition for writ of certiorari, the contentions he makes here. * * * 301 F.2d at 660.

11. "The general requirements of the exhaustion doctrine are that the matter must first be presented to the highest court of the state before relief can be granted in the federal court. Under this doctrine it is not necessary that the state's highest court actually deal with the merits of the case as long as the matter has been presented to them. * * *" 282 F.Supp. at 300–301.

edies in the past, under the State Post Conviction Hearing Act he would at the present time be precluded from raising the issues in question in the state courts. In this posture, as the United States Supreme Court squarely held in Fay v. Noia, *supra*, resort may be had to the federal courts for relief by way of habeas corpus.[12]

### Double Jeopardy

The claim of double jeopardy was clearly raised in the first habeas corpus petition and was rejected by the Butler County court and by the State Supreme Court in an exhaustive opinion, by Justice Roberts, which contained a comprehensive analysis of the law on this subject. We agree with the court below that the double jeopardy contention has "had a full and complete review and * * * [was] determined by the highest court of the state in full accord with the applicable federal constitutional standards."

While it was not until June 23, 1969, that the United States Supreme Court for the first time directly incorporated the double jeopardy provision of the

Fifth Amendment as part of the due process clause of the Fourteenth Amendment applicable to the states, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), Justice Roberts relied on both state *and* federal standards in deciding the case. Commonwealth ex rel. Montgomery v. Myers, 422 Pa. at 183–194, 220 A.2d at 861–867. Nothing the Supreme Court said in *Benton* calls for any different conclusion on this issue.

One of the principal cases on which Justice Roberts relied was Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961),[13] in which the trial judge in a federal trial, concerned that a line of questioning by the prosecutor might lead to a disclosure of a prior offense by the defendant, declared a mistrial *sua sponte*. The constitutional prohibition of double jeopardy was held not to be violated by a retrial.

We followed *Gori* in United States ex rel. Metz v. Maroney, 404 F.2d 233 (3d Cir.1968), a case involving a state prisoner, in which it was claimed that a trial following a court's change of position on a guilty plea "offended the Fifth

12. We recognize that under Pennsylvania case law the force of this argument may be weakened by the fact that appellant was without counsel in his State Supreme Court appeal, and the state courts will generally not apply § 4(a) (1) where petitioner has been unrepresented by counsel. Commonwealth v. Zaffina, 432 Pa. 435, 441, 248 A.2d 5, 8 (1968); Commonwealth v. Johnson, 212 Pa.Super. 158, 239 A.2d 867 (1968). However, here we are relying on § 4 of the Post Conviction Hearing Act for the purpose of affording access to the courts rather than denying it. Therefore, we believe this provision is sufficient as an alternative ground for meeting the exhaustion test in this case.

We should not strain to find reasons for shifting the burden of this particular case back to the state courts. Appellant first sought relief by way of habeas corpus in the state courts early in 1965, and the crimes were of such a heinous nature that the repeated petitions, quite understandably, exasperated the state lower

court judge, as shown by the opinions dismissing them. The public interest in the prompt and orderly administration of criminal justice, as well as a proper concern for the rights of the appellant, will be served by timely adjudication of this matter in the federal courts in the instant proceeding if the district court finds that appellant had generally presented in the state courts the same claims which he brings before us now.

13. Other Supreme Court cases discussed in appellant's brief are dealt with fully in Justice Roberts' opinion. The subsequent Pennsylvania case of Commonwealth v. Warfield, 424 Pa. 555, 227 A.2d 177 (1967), in which deliberate prosecutorial conduct designed to cause a mistrial was held to raise the bar of double jeopardy, presents a situation totally different from that present here.

*See also* the opinion of Judge Craven in United States v. Smith, 390 F.2d 420 (4th Cir. 1968), for a succinct review of the current law of double jeopardy under federal standards.

Amendment stricture against double jeopardy as made applicable to state proceedings by the Fourteenth Amendment." 404 F.2d at 234. In *Metz* the state trial court, *sua sponte*, struck a plea of guilty and entered a plea of not guilty in a murder case where on the hearing to determine the degree of the offense the replies of the accused to the questions of the trial judge seemed inconsistent with the defendant's profession of guilt. At the subsequent trial in *Metz*, the defendant was convicted of murder in the first degree, whereas the prosecutor had been willing to recommend a sentence based on second degree murder on a guilty plea. The claim of double jeopardy was rejected by the state courts and, following a habeas corpus petition, by this court as well. (For the State Supreme Court decision, see Commonwealth v. Metz, 425 Pa. 188, 228 A.2d 729 (1967).)

█ The *Gori* and *Metz* cases, in which the declaration of a mistrial and the striking of the guilty plea were undertaken by the trial judge without any request by the defendants, may have provided stronger grounds for the invocation of the double jeopardy rule than in the instant appeal where the mistrial was initiated by appellant's motion. This is not to suggest that in every case where a defendant moves for a mistrial as a result of prosecutorial misconduct a claim of double jeopardy will be barred, but under the circumstances of the present case we agree with the careful reasoning of Justice Roberts that the double jeopardy claim should be rejected.

### Confession

In his petition for a writ of habeas corpus in the district court, appellant claimed that a confession admitted in his trial was coerced. Under a subsequent paragraph in his petition, captioned "Denial of a Hearing," appellant stated further:

* * * Under the United States Supreme Court ruling in Jackson v. Denno, 378 U.S.Supreme Court Reports 368, 12 L.Ed.2d 908, 84 S.Ct. 1774, 1 A.L.R.3d 1205 (decided June 22, 1964), petitioner was entitled to an evidentiary hearing upon the allegation of a coerced confession. However, petitioner was never granted a hearing to determine the voluntariness of his "confessions".

█ In its opinion, the district court stated that appellant did raise in the state courts the issue of "the introduction of a coerced confession at his trial" but that the second contention quoted above, with respect to the absence of an evidentiary hearing on voluntariness, had not been raised in the state courts. In our view the claim that the confession was coerced would clearly seem to put in issue the absence at trial of a hearing on voluntariness under the retroactive requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908, 1 A.L.R.3d 1205 (1964). The lower state court and the Supreme Court of Pennsylvania have rejected the coerced confession claim. We believe appellant has exhausted the state remedies on this issue and that it is ripe for consideration by the federal courts.[14]

---

14. As we understand them, the facts surrounding the confession and other inculpatory statements made by appellant are briefly these:

Montgomery made a confession to Detective Sergeant Barger and other state police officers early in the morning of January 20, 1962, within several hours following his arrest, and not long after the crimes charged had been committed. The confession, typed by a civilian clerk as Montgomery was being interrogated, was signed by appellant and introduced at his trial. Montgomery's claim that the confession was coerced is based on a number of grounds, including the absence of counsel.

On February 12, 1962, subsequent to his incarceration in the county jail, Montgomery was taken to the state police barracks, evidently at his own (or his counsel's) request. Appellant was represented at this time by the first of his two appointed counsel, but it does not appear that the attorney, who may have initiated the visit to the state police, was present

The Pennsylvania Supreme Court dismissed appellant's collateral attack on the introduction of his confession on three grounds:

(1) Since the trial in this case preceded Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the absence of counsel at the time of appellant's interrogation by the police did not invalidate the confession because of the non-retroactivity of these decisions: Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966);

(2) The record in the case did not support any finding of coercion under the pre-*Escobedo* and pre-*Miranda* standards of Crooker v. California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958), so as to taint the confession; and

(3) Because no objection was made at trial to the introduction of the confession, the state contemporaneous objection rule precluded appellant's collateral challenge: Commonwealth ex rel. Mullenaux v. Myers, 421 Pa. 61, 217 A.2d 730 (1966).

We need not dispute the correctness of the State Supreme Court's determination to conclude that appellant may, under federal constitutional standards, challenge the voluntariness of the confession under Jackson v. Denno, *supra*, where he has not waived his right to do so. Fay v. Noia, *supra* 372 U.S. at 428, 83 S.Ct. 822, 9 L.Ed.2d 837. We have so held on a number of occasions, United States ex rel. Snyder v. Mazurkiewicz, 413 F.2d 500 (3d Cir.1969); United States ex rel. Gockley v. Myers, 378 F.2d 398 (3d Cir.1967);[15] United States ex rel. Dickerson v. Rundle, 363 F.2d 126 (3d Cir.1966),[16] even where the defendant's counsel failed to object to the admission of the confession, *Snyder*, *supra*, or expressly declined to object upon inquiry by the trial judge, *Gockley*, 378 F.2d at 400. *See also* opinion by Judge Weinstein in United States ex rel. Diblin v. Follette, 294 F.Supp. 841, 846 (E.D.N.Y.1968).

Appellant's right to challenge the voluntariness of his confession in a Jackson v. Denno type hearing is, of course, conditioned on whether or not he waived this right at trial. Counsel's failure to object to the introduction of the statements, and the appellant's willingness to

at the barracks. Montgomery's oral statement to the police on this occasion differed in some minor points from his previous signed statement, but otherwise reiterated his part in the illegal acts which were committed. This oral statement was testified to by Sergeant Barger.

On April 26, 1962, Sergeant Barger was summoned to the county jail by Montgomery who wanted to change his statement. Though he came to the jail, Barger refused to pursue the matter further at this time, explaining to Montgomery that since he had counsel he should seek counsel's advice. Later that evening Barger was again called to the jail to meet with Montgomery. This time, Mr. Millar, appellant's second attorney, was present. Montgomery had written out another statement which he started to give to Barger, but the statement was not turned over to the police officer after counsel advised against it. Sergeant Barger had a chance to glance hurriedly at what Montgomery had written out and Barger testified to it, without objec-

tion, at the trial. This third "statement" added little to what Montgomery had said before.

As previously indicated, appellant's counsel specifically declined to object at trial to the admission of the signed confession or other statements, nor did he cross-examine Sergeant Barger who introduced these statements. Also, appellant took the stand at the trial and admitted to his participation in some of the crimes alleged.

15. For further proceedings in this case in this court, see 411 F.2d 216 (1969).

16. The *Dickerson* case is again before this court following further proceedings in the state and federal courts after our prior decision, and a rehearing in banc has been scheduled. The issues raised in the pending appeal in no way detract from the validity of our ruling in the 1966 *Dickerson* opinion on the right to an evidentiary hearing on the waiver question.

testify both at the aborted and subsequent trials, are important factors to consider. See Curry v. Wilson, 405 F.2d 110 (9th Cir.1968). But the question of waiver can be determined conclusively only by an evidentiary hearing and none has been held on this issue, either in the state or federal courts.

The tests of waiver have been delineated in the classic decisions in Fay v. Noia, *supra,* and Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), as well as in the decisions of this circuit referred to above. We have only recently reviewed the whole question of the right to challenge a pre-Jackson v. Denno confession, in which no objection to its introduction was raised at trial, in a comprehensive opinion by Judge Aldisert in United States ex rel. Snyder v. Mazurkiewicz, *supra,* and we need not plow this well-furrowed ground again. Suffice it to say that we find the present case to fall squarely within the ambit of the *Gockley, Dickerson* and *Snyder* decisions.

 Consequently, an evidentiary hearing should be held in the district court on the question of whether there was an effective waiver of any right by appellant to have the confession and related statements excluded. If waiver is found, that will, of course, terminate the claim of a coerced confession. If the court finds that there was no waiver of the constitutional right to challenge the admission of appellant's statements, the Jackson v. Denno hearing should also be conducted in the district court.

We acknowledge the desirability, normally, of having the state courts decide a Jackson v. Denno issue in the first instance, as suggested by the Supreme Court in the *Jackson* opinion. But on this record, where an evidentiary hearing is held in the district court on the question of waiver, we believe it would not comport with orderly judicial administration to spin-off the Jackson v. Denno hearing to the state courts and thus prolong this already protracted litigation. *See* United States ex rel. Snyder v. Mazurkiewicz, *supra; cf.* United States ex rel. Gockley v. Myers, 411 F.2d 216 (3d Cir.1969).

 To summarize, this appeal will be remanded to the district court for the following purposes:

(1) Upon the court's examination of all available state records, to determine, with or without an evidentiary hearing as deemed appropriate, whether there has been an exhaustion of state remedies with respect to the allegations of unlawful arrest, absence of counsel at the preliminary hearing and ineffective counsel;

(2) If it is found that the state remedies with respect to the above claims have been exhausted, to conduct an evidentiary hearing to determine the relief, if any, to which appellant may be entitled; [17] and

(3) To hold an evidentiary hearing on the issue of whether appellant waived his right to object to the admission of the confession and other statements at his trial and, if no waiver is found, to afford appellant a Jackson v. Denno hearing in the district court.

Accordingly, the order of the court below will be vacated and the case remanded for further proceedings consistent with this opinion.

---

17. On the issue of the absence of counsel at a preliminary hearing, we recognize that the Pennsylvania courts have uniformly held that the preliminary hearing is not such a critical stage as to constitutionally require the assistance of counsel, Commonwealth ex rel. Booker v. Duggan, 424 Pa. 394, 227 A.2d 168 (1967), unless "a plea is entered, or something else done at the hearing which later prejudices defendant." Commonwealth ex rel. Firmstone v. Myers, 431 Pa. 628, 632 n. 2, 246 A.2d 371, 373 n. 2 (1968).

We would hesitate to direct an evidentiary hearing on this issue if it were the only claim made by appellant. However, if an evidentiary hearing is to be held on the other claims, assuming exhaustion of state remedies is found, we believe appellant should be afforded the opportunity to support his allegation that he was somehow prejudiced by the absence of counsel at the preliminary hearing. See, generally, Comment, Preliminary Hearings in Pennsylvania: A Closer Look, 30 U.Pitt.L.Rev. 481, 494 (1969).