**UNITED STATES of America ex rel. Sidney L. NASH and Homer U. Wheat, Petitioners,**

v.

**Raymond W. ANDERSON, Warden Delaware Correctional Center, Respondent.**

No. 174.

United States District Court, D. Delaware.

July 10, 1973.

Lawrence M. Sullivan and Arlen B. Mekler, Public Defenders, Wilmington, Del., for petitioner Nash.

Joseph A. Rosenthal of Cohen, Morris & Rosenthal, Wilmington, Del., for petitioner Wheat.

Francis A. Reardon, John P. Daley and Daniel F. Wolcott, Jr., Deputy Attys. Gen., Wilmington, Del., for respondent.

## MEMORANDUM OPINION AND ORDER

LATCHUM, District Judge.

Sidney L. Nash ("Nash") and Homer U. Wheat ("Wheat") State prisoners, have petitioned this Court in a joint application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In separate trials in the Superior Court of the State of Delaware in and for New Castle County, each was convicted by a jury for the possession of heroin with intent to sell, in violation of 16 Del.C. § 4725 (Count 1), and for the possession of a hypodermic needle, in violation of 16 Del.C. § 4716(c) (Count 2). Each petitioner was sentenced to ten years imprisonment on Count 1 and to three years imprisonment on Count 2, with the prison sentences of both counts to run concurrently. Upon appeal to the Delaware Supreme Court, their convictions were affirmed. 295 A.2d 715 (Del.Supr. 1972).

The issues raised here are the same as those presented to the Delaware Supreme Court and resolved against the petitioners. Accordingly, state court remedies have been exhausted as required by 28 U.S.C. § 2254 and this Court has jurisdiction under 28 U.S.C. § 2241. In re Thompson's Petition, 301 F.2d 659 (C.A.3, 1962).

The central issue common to both petitioners is whether the seizure of the heroin and hypodermic needle comported with constitutional principles.

After carefully considering the state court records and the additional testimony and evidence received at a hearing in this proceeding, the Court is satisfied that the circumstances surrounding the seizure of the heroin and hypodermic needle were substantially as set forth in the opinion of the Delaware Supreme Court. 295 A.2d at 716. The police officers properly stopped to investigate the petitioners' automobile while it was parked along the highway late at night. This was particularly so since the officers noticed a beer can setting on top of the car. Trooper O'Day testified that he believed the officers were faced with occupants who might be intoxicated. Confronting the occupants for investigative purposes was therefore reasonable. Further, the Court is convinced that Officer O'Day, when he approached Nash standing at the passenger side of the car, saw a small manila colored cardboard box in plain view on the floor of the vehicle, which he believed, based on his past experience at the Police Academy, was the kind of box in which a small frame .32 or .38 caliber short barrel pistol was usually packaged. Having compared the size and shape of the box with other gun boxes, the Court concludes that Trooper O'Day's belief that the box possibly contained a concealed weapon and constituted a danger to the officers was reasonable from the standpoint of a prudent man. The limited intrusion in seizing the box which was within easy "grabbing distance" of Nash, Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), was a reasonable protective seizure for concealed weapons justified under the Fourth Amendment by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L. Ed.2d 889 (1968) and Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L. Ed.2d 612 (1972). While it may now appear, upon observing the box in a courtroom setting unattended by the emotional tension of the original confrontation, that the officer's belief that a weapon was concealed in the box rested upon fragile grounds, yet "courts should not set the test of sufficient suspicion that

the individual 'is armed and dangerous' too high when protection of the investigating officer is at stake." United States v. Riggs, 474 F.2d 699, 705 (C.A. 2, 1973). Considering all the circumstances, the Court concludes that the restricted intrusion in seizing the box believed to conceal a weapon which constituted a danger to the officers' safety was reasonable.

Moreover, the Court is unable to conclude that opening the box immediately to examine its contents was impermissible under the Fourth Amendment. Given the authority under *Terry* and *Adams* to make the reasonable limited "protective seizure" of the box, no additional authority was necessary for a reasonable follow-up "search" to retrieve what was believed to be a dangerous weapon. Chambers v. Maroney, 399 U.S. 42, 51–52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); See United States v. Valen, 479 F.2d 467 (C.A.3, 1973); United States v. Vallejo et al., 482 F.2d 616 (C.A.3, 1973. When the box was opened, much to the surprise of Trooper O'Day, it was found not to conceal a pistol but narcotic drugs and paraphernalia.[1]

Finally, Wheat contends that his Due Process rights were violated because the evidence that he knowingly had possession of the drugs and hypodermic needle concealed in the box was entirely circumstantial. In effect, Wheat asks this Court to find that there was insufficient evidence to support his conviction. This the Court cannot do. The sufficiency of evidence to support a state court conviction raises no federal constitutional question for a federal habeas corpus court unless it appears that the state court conviction was so totally devoid of any evidentiary support as to be invalid under the Due Process Clause of the Fourteenth Amendment. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). The latter is not the case here. There was evidence produced at the state court trial which showed that Wheat was the driver and custodian of the automobile, that the passenger Nash was not a stranger to him because he had known and associated with Nash on prior occasions, that Wheat charged Nash a fee for the trip from Jersey City to Delaware State College at Dover, Delaware, that the box concealing the drugs was in plain sight on the floor of the passenger side of the automobile where Nash was sitting, and that Wheat, when confronted by the police officers, attempted to conceal his true identity by showing two automobile driver's licenses belonging to other persons. While Wheat took the stand in his own defense to deny his knowlege of the contents of the box, it is apparent the jury disbelieved him. The Court is unable to conclude that Wheat's conviction totally lacked any evidentiary support from the facts proved and the reasonable inferences arising therefrom.

The writ will be denied and the petition dismissed.

No probable cause exists for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849 (C.A.3, 1968).

---

1. The contents of the box were later catalogued as a hypodermic syringe made from an eye dropper, nipple and needle, 56 glassine bags containing heroin and 2 larger bags containing heroin estimated to have a street value of approximately $400.00, 142 rubber bands, and 91 empty glassine bags.